STATE OF NEBRASKA, APPELLEE, V.
WALTER W. ROLLING, APPELLANT.

307 N.W.2d 123

Filed June 19, 1981. No. 43804.

Larry R. Baumann of Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, P.C., for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

KRIVOSHA, C.J.

The appellant, Walter Rolling (Rolling), appeals from several convictions and sentences entered by the District Court for York County, Nebraska, following trial to a jury. Rolling was charged in an amended complaint with two counts of theft by unlawful taking or disposition of movable property, one count involving property of the value of more than $100 but less than $300 and the other involving property of the value of $300 or more but not over $1000, in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1979); one count of attempted armed robbery in violation of Neb. Rev. Stat. §§ 28-324(1) and 28-201(1) (b) (Reissue 1979); and one count of use of a weapon to commit a felony in violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1979). In addition, the information charged Rolling with being an habitual criminal under the provisions of Neb. Rev. Stat. § 29-2221 (Reissue 1979).

Following the jury verdict finding Rolling guilty on all four substantive counts, the trial court sentenced Rolling as follows: Count I, theft, 161 days' imprisonment in the York County jail, with credit given for time served; count II, theft, 1 year's imprisonment in the Nebraska Penal and Correctional Complex; count III, attempted robbery, 5 years' imprisonment in the Nebraska Penal and Correctional Complex; count IV, use of firearm to commit a felony, not less than 4 nor more

than 7 years' imprisonment in the Nebraska Penal and Correctional Complex; and on count V, the charge of being an habitual criminal, the trial court *specifically* sentenced Rolling to a term in the Nebraska Penal and Correctional Complex of not less than 4 nor more than 7 years. The sentences on counts I, II, and III were to be served concurrently. The sentences on counts IV and V were likewise to be served concurrently to each other but consecutively to counts I, II, and III. Rolling appeals from that judgment and order, claiming that the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt and that the sentences imposed were harsh and a clear abuse of discretion. We affirm in part, and in part reverse and remand with instructions.

Before proceeding to dispose of the assignments of error raised by Rolling, we are compelled to address a plain error not raised by Rolling but one which must be addressed. Rolling was found by the court to be an habitual criminal. Nevertheless, he was sentenced by the trial court on the first four counts to terms of imprisonment of less than 10 years. In addition, he was specifically sentenced to a term of imprisonment as an habitual criminal. The sentencing is in all respects improper and must be corrected. Under the provisions of § 29-2221, one is not sentenced as an habitual criminal. This is due to the fact that the habitual criminal statute is not a separate offense but, rather, provides an enhancement of the penalty with a minimum sentence of 10 years and a maximum sentence of 60 years for each conviction committed by one found to be an habitual criminal even though, absent a conviction as an habitual criminal, the minimum or maximum sentence might be less. See *State v. Journey*, 201 Neb. 607, 271 N.W.2d 320 (1978).

The proper procedure to be followed to correct the situation in the instant case is set out in our earlier decision of *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974), wherein we held that where a defendant found

guilty of a substantive crime as well as being an habitual criminal is improperly sentenced, both sentences must be set aside and this court should remand the action back to the trial court for proper sentencing. We said in *State v. Gaston, supra* at 123, 214 N.W.2d at 377: "On direct appeal this court has the power to remand a cause for a lawful sentence where the one pronounced was void as being beyond the power of the trial court to pronounce and where the accused himself invoked appellate jurisdiction for the correction of errors." The sentences imposed in this case being illegal, our action must be to remand the cause back to the trial court for proper sentencing consistent with the law.

Having thus disposed of the plain error, we shall now direct our attention to the assignments of error listed by Rolling. They are two in number: (1) The evidence was insufficient for the jury to find the defendant guilty beyond all reasonable doubt; and (2) The sentences imposed for all counts were harsh and an abuse of discretion. In view of the fact that the sentences are illegal and sentencing must be done again, we need not concern ourselves with the second assignment. We address only the first assignment to the effect that the evidence was insufficient for the jury to find the defendant guilty beyond all reasonable doubt.

The events involved in the instant appeal concern three separate occurrences, all involving the same Conoco service station located at the York interchange just off of Interstate 80. The first incident, which occurred on March 21, 1980, concerned the taking of a York State Bank moneybag containing coins from the Conoco station. On the day in question, Rolling was at the service station for some period of time. The evidence discloses that Rolling was seen in the area that the moneybag was kept, which was a place where customers were not to be. He was seen leaving this area with a folded magazine in his hand. Upon dropping the magazine, he departed from the station and immediately walked to his car and opened the trunk. At about 4 p.m. that same day, the

testimony disclosed that Rolling appeared at a drive-in window of First Federal Savings & Loan Association of York, Nebraska. He was seen taking money from a York State Bank bag located in the trunk of the car. The moneybag was identical to the type in which the Conoco station's coins were kept.

The second incident occurred on March 29, 1980, when Rolling again appeared at the Conoco station requesting assistance in removing his vehicle from a ditch a little over a mile east of the station. On this particular evening the owner of the station had directed one of his employees to place a briefcase containing the station's receipts for that day in a red wrecker in front of the station. The evidence discloses that Rolling saw the briefcase being placed in the wrecker. An eyewitness testified that later that same night, and after the station had closed, an automobile similar to the car driven by Rolling pulled up next to the wrecker and someone exited from the passenger door and tried to gain entrance to the wrecker. The wrecker was entered and the witness observed a man enter back into the automobile from the passenger side. There was testimony that the only way of gaining entrance into Rolling's car was from the passenger side, the driver side door being inoperable.

The third and fourth counts involved an occasion on April 4, 1980, and were for armed robbery and the use of a weapon at the same Conoco station. The station employee testified that at approximately 8:40 p.m., while closing the Conoco station, he was accosted by a man he identified as Rolling. Rolling demanded the station's money. When the employee refused to give him the money, a scuffle ensued, during which the employee testified that a knife was pulled by Rolling and the employee was cut on the hand. The employee testified that he recognized Rolling as he had seen him on two previous occasions at the service station.

While it is true that the evidence was in conflict, it cannot be said that the jury could not have found Rolling

guilty. We have, on numerous occasions, held: "'This court will not interfere on appeal with a conviction based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilt beyond a reasonable doubt.'" *State v. French*, 206 Neb. 92, 98, 291 N.W.2d 248, 251 (1980). See, also, *State v. Meadows*, 203 Neb. 197, 277 N.W.2d 707 (1979).

Moreover, we have repeatedly said: "In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it." *State v. Carter*, 205 Neb. 407, 409, 288 N.W.2d 35, 36 (1980). See, also, *State v. Muniz*, 203 Neb. 206, 277 N.W.2d 712 (1979).

The jury resolved the dispute against Rolling and we are not in a position to say it had no basis for reaching the conclusion it did. We therefore find that the evidence was sufficient to permit the jury to find the defendant guilty as charged.

The convictions, therefore, are affirmed and the matter remanded to the trial court for proper sentencing.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.