Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/02/2016 09:10 AM CDT

BARNEY D. MEYER, APPELLEE, V. SCOTT R. FRAKES, DIRECTOR,
NEBRASKA DEPARTMENT OF CORRECTIONAL
SERVICES, ET AL., APPELLANTS.

___ N.W.2d ___

Filed September 2, 2016.    No. S-16-417.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus peti-
   tion, an appellate court reviews the trial court's factual findings for clear
   error and its conclusions of law de novo.
2. **Habeas Corpus.** Where a party is unlawfully restrained of his or her
   liberty, the writ of habeas corpus is the appropriate remedy.
3. ____. Habeas corpus is a collateral proceeding and as such cannot be
   used as a substitute for an appeal or proceedings in error.
4. **Habitual Criminals: Sentences.** A separate sentence for the nonexistent
   crime of being a habitual criminal is void.
5. **Criminal Law: Habitual Criminals.** Habitual criminality is a state, not
   a crime. There is no such offense as being a habitual criminal.
6. **Sentences.** A sentence outside of the period authorized by the relevant
   sentencing statute is merely erroneous and is not void.
7. **Habeas Corpus: Judgments: Sentences.** Habeas corpus will not lie
   upon the ground of mere errors and irregularities in the judgment or
   sentence rendering it not void, but only voidable.
8. **Double Jeopardy: Sentences.** Where a defendant has a legitimate
   expectation of finality, then an increase in his or her sentence in a sec-
   ond proceeding violates the prohibition of the Double Jeopardy Clause
   against multiple punishments for the same offense.
9. **Sentences: Notice.** A defendant may acquire a legitimate expectation of
   finality in an erroneous sentence if the sentence has been substantially or
   fully served, unless the defendant was on notice that the sentence might
   be modified.

Appeal from the District Court for Lancaster County: JODI
NELSON, Judge. Affirmed.

Douglas J. Peterson, Attorney General, George R. Love, and Kale Burdick for appellees.

Gerald L. Soucie for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

PER CURIAM.

On April 20, 2016, the district court for Lancaster County granted a writ of habeas corpus to Barney D. Meyer. This matter arises from an appeal filed by Scott R. Frakes, director of the Nebraska Department of Correctional Services; Richard Cruickshank, warden of the Nebraska State Penitentiary; and the Nebraska Department of Correctional Services (collectively the appellants). As of the date of this opinion, Meyer remains in the custody of the department because he is unable to meet the conditions of his bond imposed by the district court. For the reasons set forth, we sustain Meyer's motion for summary affirmance and direct that Meyer be released from custody forthwith.

## BACKGROUND

### CONVICTIONS AND SENTENCES

Meyer was sentenced by the district court for Pierce County, Nebraska, on March 29, 2012, in case No. CR11-12, to an indeterminate prison term of 2 to 4 years for the crime of theft by receiving stolen property. He was given credit for 54 days already spent in custody. This sentence was ordered to be served consecutively to another sentence imposed in case No. CR11-29 on the same day.

In case No. CR11-29, Meyer was charged in the information with count I, burglary, a Class III felony, and with "Count II — Enforceable as a Habitual Criminal." The court sentenced Meyer on count I to an indeterminate prison term of 2 to 4 years. He was given credit for 165 days. On count II, habitual criminal, Meyer was convicted and sentenced to an indeterminate prison term of 10 years. It was ordered that the

sentences in case No. CR11-29 were to be served concurrently to one another, but consecutively to the sentence imposed in case No. CR11-12. Neither the State nor Meyer appealed the convictions or sentences imposed in either case No. CR11-12 or case No. CR11-29.

WRIT OF HABEAS CORPUS

Meyer petitioned the district court for a writ of habeas corpus, alleging that the sentence imposed in count II of the information in case No. CR11-29, habitual criminal, was a void sentence. Meyer alleged he had served the valid sentences imposed for theft in case No. CR11-12 and for burglary in case No. CR11-29. He alleged that he is now being held beyond the lawful term of his sentences and is entitled to be discharged.

The district court granted the writ of habeas corpus. The court concluded that as to count II in case No. CR11-29, the separate offense of being a habitual criminal was a void sentence.

The court relied in part upon *State v. Rolling*,[1] in which we stated that the habitual criminal statute did not establish a separate offense. We held that the habitual criminal statute provides an enhancement of the penalty for a felony conviction where one is also found to be a habitual criminal.

In *Rolling*, the defendant was charged with four substantive felonies: two felony theft offenses, attempted armed robbery, and use of a weapon to commit a felony. He was additionally charged with a fifth count of being a habitual criminal. He was found guilty of the four substantive felonies and sentenced by the trial court on the first four counts to terms of imprisonment, none of which exceeded 10 years. He was also sentenced to a term of imprisonment as a habitual criminal. He appealed, claiming that the evidence was insufficient to have found him guilty and that the sentences imposed were too harsh and an abuse of discretion.

---

[1] *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981).

On direct appeal, we found plain error in the sentencing of the defendant separately as a habitual criminal and pointed out that under the provisions of Neb. Rev. Stat. § 29-2221 (Reissue 1979), one is not sentenced as a habitual criminal. The habitual criminal statute is not a separate offense, but provides an enhancement of a penalty with a minimum prison sentence of 10 years and a maximum sentence of 60 years.

In *Rolling*, we stated that *State v. Gaston*[2] set forth the proper procedure to be followed. In *Gaston*, the defendant was found guilty of forgery and, in a subsequent proceeding, of being a habitual criminal. The district court, instead of imposing one sentence on the forgery conviction for the mandatory minimum prison sentence of 10 years and a maximum sentence of 60 years required by § 29-2221, imposed separate prison sentences of 1 to 2 years on the forgery conviction and 20 to 30 years on the conviction under § 29-2221. On the day the sentence was pronounced, the court committed the defendant to the Nebraska Penal and Correctional Complex by entering a formal written journal entry of judgment and commitment for an indeterminate prison term of 20 to 30 years on the charge of forgery and being a habitual criminal. We held that the written entry of judgment stated a proper sentence, but that it did not conform to the two sentences imposed in open court.

The defendant in *Gaston* contended on direct appeal that the second and separate habitual criminal sentence was illegal and void. We stated that "[o]n direct appeal this court has the power to remand a cause for a lawful sentence where the one pronounced was void as being beyond the power of the trial court to pronounce and where the accused himself invoked appellate jurisdiction for the correction of errors."[3]

But here, the district court, in granting Meyer habeas relief, found most apposite *Kuwitzky v. O'Grady*,[4] which presented

---

[2] *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974).

[3] *Id*. at 123, 214 N.W.2d at 377. See, also, *State v. Rolling, supra* note 1.

[4] *Kuwitzky v. O'Grady*, 135 Neb. 466, 282 N.W. 396 (1938).

a habeas action attacking the validity of the habitual criminal sentence, rather than through a direct appeal, as was the case in *Rolling* and *Gaston.* The court found *Kuwitzky* was nearly identical to the case at bar. The petitioner in *Kuwitzky* petitioned for a writ of habeas corpus, claiming his sentence under a second count for being a habitual criminal was null and void. The trial court denied the writ, and the petitioner appealed. We reversed the trial court's decision, concluding that the petitioner had been improperly sentenced separately as a habitual criminal and that he was unlawfully imprisoned and entitled to be released and discharged.

In the present case, the court found that Meyer was similarly wrongfully sentenced in a separate count for being a habitual criminal. It concluded the sentence for being a habitual criminal was void. It granted the petition for writ of habeas corpus, concluding that Meyer was being held on a void sentence. Pursuant to Neb. Rev. Stat. § 29-2823 (Reissue 2008), the court set the matter for hearing for the determination of bond pending the appeal. As of this date, Meyer remains in the custody of the appellants, having been unable to meet the conditions for bond imposed by the district court.

## STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.[5]

## ANALYSIS

[2,3] The writ of habeas corpus has long been recognized in Nebraska. Where a party is unlawfully restrained of his or her liberty, the writ of habeas corpus is the appropriate remedy.[6] In an action for a writ of habeas corpus, including one which challenges extradition proceedings, the burden of proof is upon the petitioner to establish a claim that his or her

---

[5] *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

[6] *Rose v. Vosburg*, 107 Neb. 847, 187 N.W. 46 (1922).

detention is illegal.[7] Habeas corpus is a collateral proceeding and as such cannot be used as a substitute for an appeal or proceedings in error.[8]

In his petition for writ of habeas corpus, Meyer alleges that the sentence imposed for being a habitual criminal in case No. CR11-29 is a void sentence. He further alleges that he has served the valid sentences imposed in cases Nos. CR11-12 and CR11-29 and that he is now being held beyond the lawful term of his sentences and is entitled to be discharged.

In addressing his motion for summary affirmance, two questions are presented. First, Is being a habitual criminal a separate crime for which Meyer can be sentenced separately, such that his separate 10-year prison sentence for being a habitual criminal that he is currently serving is valid? Second, Is the sentence served by Meyer on the conviction for burglary a facially valid sentence that has been fully served by Meyer and cannot now be collaterally attacked by the State in an attempt to increase that sentence?

## Habitual Criminal

[4,5] As to the first question, the parties do not dispute that the habitual criminal statute is not a separate offense and that it instead provides an enhancement of the conviction committed by one found to be a habitual criminal.[9] As already described, in *Rolling*,[10] we held that the habitual criminal statute is not a separate offense, but, rather, provides an enhancement of the penalty with a minimum prison sentence of 10 years and a maximum sentence of 60 years for each count committed by one found to be a habitual criminal. And in other cases, such as *Kuwitzky*, which presented collateral attacks on the separate sentence for being a habitual criminal, we have explained that a separate sentence for the nonexistent

---

[7] *Dovel v. Adams*, 207 Neb. 766, 301 N.W.2d 102 (1981).

[8] *Sileven v. Tesch*, 212 Neb. 880, 326 N.W.2d 850 (1982).

[9] See *State v. Rolling, supra* note 1.

[10] *Id.*

crime of being a habitual criminal is void.[11] Habitual criminality is a state, not a crime.[12] There is no such offense as being a habitual criminal.[13]

Having thus held that the habitual criminal statute is not a separate offense and cannot be charged and sentenced as such, we hold that Meyer's separate sentence of being a habitual criminal is void. This is not a contention disputed by either party. We proceed to determine whether the sentence served by Meyer on his conviction for burglary was a valid sentence which has now been served by Meyer.

### Sentence for Burglary

The appellants assert as to the second question that Meyer's continued detention is not illegal, because his burglary sentence should have been enhanced to a minimum prison term of 10 years. They claim that by challenging the separate sentence for being a habitual criminal, Meyer has not challenged the "judgment" of the district court finding him to be a habitual criminal.[14] We are perplexed as to how Meyer's claim that his sentence to count II, habitual criminal, is void, leaves unchallenged a "judgment" of being a habitual criminal. In any event, the appellants argue that because the habeas corpus statute refers to having fully been "unlawfully" deprived of liberty or imprisoned "without any legal authority,"[15] they may collaterally attack the fully served burglary sentence in Meyer's habeas action. We disagree. Meyer has fully served two of the three sentences imposed by the court. Only the sentence he has not fully served is void.

We agree with the district court that *Kuwitzky* is factually similar to the case at bar. In *Kuwitzky*, we granted habeas

---

[11] See, *Gamron v. Jones*, 148 Neb. 645, 28 N.W.2d 403 (1947); *Kuwitzky v. O'Grady, supra* note 4.

[12] See *Kuwitzky v. O'Grady, supra* note 4.

[13] See *id.*

[14] Brief for appellants at 6.

[15] See Neb. Rev. Stat. § 29-2801 (Reissue 2008).

relief for a petitioner who had fully served his unenhanced sentence and who had also been separately sentenced for being a habitual criminal. The information had charged the petitioner with one count of burglary and a second count of being a habitual criminal. The petitioner had been convicted of several prior felonies, and he pled guilty to both counts. The petitioner was sentenced to prison terms of 5 years on the burglary count and 10 years for the habitual criminal count. The sentences were ordered to run concurrently.[16]

The parties stipulated that the petitioner had served his first prison sentence of 5 years under the first count and that he had also served 2 months 16 days of the sentence given for being a habitual criminal. The question was whether his continued detention in the penitentiary was lawful.

We explained that the previous convictions on the several felonies alleged would, if proved, show that the petitioner was a habitual criminal and permit his punishment for the act of burglary in count I to be increased, but that the trial court was without authority to render a distinct separate judgment and sentence upon count II, habitual criminal. The sentence on count II for being a habitual criminal was therefore void. Because the petitioner had fully served the sentence imposed for burglary, we concluded that the petitioner was being unlawfully imprisoned without due process of law and was entitled to be released and discharged.

The appellants assert that reliance on *Kuwitzky* is misplaced, because the State did not challenge therein the validity of the unenhanced burglary sentence. But in an action that released the petitioner from the total sentence the court intended to impose for the acts committed, we could have recognized, sua sponte, that the unenhanced burglary sentence was insufficient and that therefore, the petitioner was not unlawfully restrained. We did not do so. To the contrary, our conclusion that the petitioner's continuing incarceration was unlawful implicitly rejected any theory that the petitioner could continue to be

---

[16] *Kuwitzky v. O'Grady, supra* note 4.

lawfully detained by virtue of the fact that there was a finding he was a habitual criminal and the burglary sentence failed to impose the mandatory minimum required by the habitual criminal statute.

*Gamron v. Jones*,[17] reiterates this point. In *Gamron*, we again found on habeas that a separate habitual criminal sentence was void. And in *Gamron*, the petitioner had not even been charged under an improper information; the court simply sentenced the petitioner to a separate prison term for being a habitual criminal, to be served consecutively to the prison term imposed for the underlying crime of chicken stealing.

Although the unenhanced 2-year sentence for the underlying crime had not yet been served, the petitioner argued he was unlawfully detained, because the 2-year prison sentence was in excess of the statutory maximum sentence of 1 year for that crime. Thus, the petitioner challenged the validity of both the separate sentence for being a habitual criminal and the unenhanced sentence for the underlying crime.

The State argued that the habitual criminal sentence and the unenhanced sentence for the underlying crime were but one sentence. We, however, saw "no reasonable basis for construing the judgment of the court to be other than one imposing two sentences."[18]

In response to the petitioner's attack on the sentence for chicken stealing, we emphasized that in contrast to a sentence for a nonexistent crime, failure by the court to impose a sentence inside of the mandatory statutory limits for a valid crime is erroneous only; it is not a void sentence subject to collateral attack in a habeas action.[19] We held that only the conviction and sentence to a separate offense of being a habitual criminal was void. We concluded that because the petitioner had not yet served the merely erroneous 2-year

---

[17] *Gamron v. Jones, supra* note 11.

[18] *Id.* at 646, 28 N.W.2d at 404.

[19] See *Gamron v. Jones, supra* note 11.

sentence for chicken stealing, habeas corpus would not yet lie to secure his release.

[6] In several other cases, we have similarly said that a sentence outside of the period authorized by the relevant sentencing statute is merely erroneous and is not void.[20] "'If the court has jurisdiction of the person of the accused and of the crime charged in the information and does not exceed its lawful authority in passing sentence, its judgment is not void whatever errors may have preceded the rendition thereof.'"[21]

[7] Further, we have repeatedly held that habeas corpus will not lie on the ground that the sentence is merely erroneous.[22] We have explained that only an "absolutely void"[23] judgment is subject to collateral attack.[24] A judgment, even if erroneous, cannot be collaterally assailed.[25] Habeas corpus cannot take the place of a writ of error or a direct appeal.[26] Thus, "habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable."[27]

Under this principle, we held in *Hickman v. Fenton*[28] that when there was no direct appeal or writ of error and the

---

[20] See, *State v. Clark*, 278 Neb. 557, 772 N.W.2d 559 (2009); *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005); *Hickman v. Fenton*, 120 Neb. 66, 231 N.W. 510 (1930). See, also, *State v. Gunther*, 271 Neb. 874, 716 N.W.2d 691 (2006); *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998).

[21] *Hickman v. Fenton, supra* note 20, 120 Neb. at 70, 231 N.W. at 512.

[22] See, *McElhaney v. Fenton*, 115 Neb. 299, 212 N.W. 612 (1927); *In re Fanton*, 55 Neb. 703, 76 N.W. 447 (1898); *State v. Clark*, 17 Neb. App. 361, 762 N.W.2d 64 (2009); *State v. Wayt*, 13 Neb. App. 759, 701 N.W.2d 841 (2005).

[23] *Von Bokelman v. Sigler*, 175 Neb. 305, 309, 121 N.W.2d 572, 575 (1963).

[24] See *State v. Wessels*, 232 Neb. 56, 439 N.W.2d 484 (1989).

[25] *Id.*; *Shade v. Kirk*, 227 Neb. 775, 420 N.W.2d 284 (1988).

[26] See *Hulbert v. Fenton*, 115 Neb. 818, 215 N.W. 104 (1927).

[27] *Id.* at 821, 215 N.W. at 105.

[28] *Hickman v. Fenton, supra* note 20.

defendant had begun to serve his sentence, the district court had no power to vacate that sentence on the ground that it imposed a minimum period less than that mandated by the sentencing statute.

The sentencing court in *Hickman* had resentenced the defendant to a minimum prison term of 25 years in order to correct its prior error imposing a prison term of 3 to 5 years for a crime punishable by a mandatory minimum of 20 years. The defendant brought a habeas action on the ground that the second sentence was void, because the first sentence was not challenged on direct appeal or by petition in error, and he had already served the first sentence that imposed a prison term of 3 to 5 years. We found merit to the defendant's contention and granted habeas relief on the ground that he was being illegally detained—despite the fact that the sentence he had served was less than the mandatory minimum required by law for his crime.

In doing so, we again implicitly rejected any argument that the defendant was not illegally detained because his prison sentence of 3 to 5 years was less than the 20 years as required by law. Rather, we explicitly rejected the notion that the 3-to-5-year prison sentence would be subject to a collateral attack as being outside the court's statutory scope of sentencing authority. We said:

> The source of power to vacate a penitentiary sentence after a portion of it has been served and to impose a new and greater penalty under the same [conviction] has not been pointed out, except in cases of void sentences and in cases where the convict himself applied for a rehearing or invoked appellate jurisdiction for the correction of errors.[29]

And we cited to *In re Fanton*[30] for the proposition that a sentence outside of the term of punishment set forth in the

---

[29] *Id.* at 68, 231 N.W. at 511.

[30] *In re Fanton, supra* note 22.

relevant sentencing statute is erroneous but not void; there-
fore, it could not be collaterally attacked or set aside. In *In
re Fanton*, we denied the petitioner's claim for habeas relief
based on the fact that the sentence imposed was greater than
the maximum allowed by law. We reasoned in *In re Fanton*
that such a sentence was merely erroneous, and not void. We
said in *Hickman* that the same was true for the converse situ-
ation where the court imposed a shorter term than that pre-
scribed by law.

Although decided in 1930, *Hickman* remains the law in
Nebraska. The sentencing court, we explained, had the con-
stitutional power to accept the defendant's plea and impose a
sentence within the terms of the sentencing statute, and "[t]hat
power was exercised to the extent of a sentence of three to five
years. It was valid as far as it went, but was erroneous in fail-
ing to impose the minimum penalty of 20 years."[31] We found
the defendant, who had fully served the erroneously lenient
sentence, was entitled to his liberty.[32]

*Hickman* is consistent with *Hulbert v. Fenton*,[33] wherein
we denied habeas relief for a defendant who claimed that his
indeterminate sentence was void, because the statute allowed
an indeterminate sentence only if the defendant had no history
of confinement to the penitentiary and the sentencing judge
had indicated from the bench that he knew the defendant had
previously been confined to the penitentiary. The defendant
was still serving this sentence but hoped that if that sentence
were declared void, it would be determined that he was ille-
gally detained.

We explained:

> Habeas corpus is a collateral, and not a direct, proceed-
> ing, when regarded as a means of attack upon the judg-
> ment, and so long as the judgment is regular upon its

---

[31] *Hickman v. Fenton, supra* note 20, 120 Neb. at 70, 231 N.W. at 512.

[32] See *Hickman v. Fenton, supra* note 20.

[33] *Hulbert v. Fenton, supra* note 26.

face and was given in an action of which the court had jurisdiction, no extrinsic evidence is admissible [in a habeas corpus proceeding] to show its invalidity.[34]

It was improper to consider in the habeas action what the judge said about the defendant's prior incarceration because the "sentence was the final judgment and record of the court."[35] Furthermore, we stated that the allegation that the indeterminate nature of the sentence was not authorized by statute concerned mere errors and irregularities rather than a sentence that was void.[36]

We recognize that under the more broadly worded federal habeas statutes, a petitioner may challenge his or her confinement as being outside the maximum sentence allowed by the law and that some other courts consider sentences greater than that prescribed by law to be void ab initio.[37] But even if we were to reevaluate our concept of voidness as concerns sentences outside the limits authorized by statute or we were to expand our narrow limitation on collateral attacks under our habeas statute,[38] failing to grant habeas relief in this case would run afoul of principles of double jeopardy and the fundamental scope of Nebraska's habeas relief as a means of redress for the unlawfully detained.

The appellants cite to no authority by which the State is permitted to use the habeas statute as a sword against the petitioner imprisoned on a void sentence to gain resentencing and correct an error on a fully served sentence that the petitioner is not challenging and that the State failed to challenge in a direct appeal as excessively lenient.[39] Habeas corpus is a

---

[34] *Id.* at 823, 215 N.W. at 106.

[35] *Id*. at 822, 215 N.W. at 106.

[36] See *Hulbert v. Fenton, supra* note 26.

[37] See 39 Am. Jur. 2d *Habeas Corpus* § 60 (2008). See, also, *State v. Beasley*, 14 Ohio St. 3d 74, 471 N.E.2d 774 (1984) (superseded by statute as stated in *State v. Singleton*, 124 Ohio St. 3d 173, 920 N.E.2d 958 (2009)).

[38] See § 29-2801.

[39] See, e.g., *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009).

special civil proceeding providing a summary remedy to persons illegally detained.[40] A writ of habeas corpus is a remedy which is constitutionally available in a proceeding to challenge and test the legality of a person's detention, imprisonment, or custodial deprivation of liberty.[41] A writ is available only when the release of the petitioner from the deprivation of liberty being attacked will follow as a result of a decision in the petitioner's favor.[42]

Contrary to these principles, the appellants wish for greater punishment to follow from the writ.

[8] The appellants indeed fail to cite to any authority supporting its ability to collaterally attack in any proceeding a facially valid sentence that has been fully served. A "primary purpose" of the Double Jeopardy Clause is "to preserve the finality of judgments."[43] Where a defendant has a legitimate expectation of finality, then an increase in his or her sentence in a second proceeding violates the prohibition of the Double Jeopardy Clause against multiple punishments for the same offense.[44]

[9] "[H]istory demonstrates that the common law never ascribed such finality to a sentence as would prevent a legislative body from authorizing its appeal by the prosecution."[45] The defendant's expectation of finality includes knowledge of the State's ability to appeal.[46] But a defendant may acquire a legitimate expectation of finality in an erroneous sentence if the sentence has been substantially or fully served,

---

[40] *Tyler v. Houston*, 273 Neb. 100, 728 N.W.2d 549 (2007).

[41] *Id.*

[42] *Id.*

[43] *Crist v. Bretz*, 437 U.S. 28, 33, 98 S. Ct. 2156, 57 L. Ed. 2d 24 (1978).

[44] See, *Pennsylvania v. Goldhammer*, 474 U.S. 28, 106 S. Ct. 353, 88 L. Ed. 2d 183 (1985); *United States v. DiFrancesco*, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980).

[45] *United States v. DiFrancesco, supra* note 44, 449 U.S. at 134.

[46] *Com. v. Postell*, 693 A.2d 612 (Pa. Super. 1997).

unless the defendant was on notice that the sentence might be modified.[47]

Here, even if Meyer should be charged with knowledge that his unenhanced burglary sentence was erroneous and could have been corrected on a direct appeal by the State, the prison sentence of 2 to 4 years facially complied with the statutory confines for a conviction of burglary. And Meyer had no reason to expect, in light of Nebraska law, that the State could collaterally attack his fully served sentence after the time for direct appeal had passed—let alone on the ground that his conviction for burglary somehow included a judgment of being a habitual criminal when the sentence for that separately charged and nonexistent crime is void. There is no historical basis in Nebraska for the State to collaterally attack the legality of a fully served sentence, and certainly not through what is effectively a counterclaim in a habeas action, asserting that the otherwise facially lawful sentence should have been enhanced by virtue of a separate, void sentence.

Suffice it to say that we are unpersuaded in this case to depart from precedent clearly holding that a sentence under the mandatory minimum is not void and that, as such, it cannot be collaterally attacked in a habeas action. The sentencing court had jurisdiction over Meyer and over the crime of burglary. This is in contrast to its exercise of power in sentencing Meyer for being a habitual criminal. There was no jurisdiction over the offense of being a habitual criminal, because no such offense exists. Thus, whereas the sentence for being a habitual criminal is void, the sentence for burglary is not.

The district court's reliance on *Kuwitzky* was not misguided.[48] While the likely result—had there been a direct appeal—would have been a remand to the district court for a proper sentencing in case No. CR11-29, neither party filed a

---

[47] *State v. Hardesty*, 129 Wash. 2d 303, 915 P.2d 1080 (1996). See, also, e.g., Arthur W. Campbell, Law of Sentencing § 8:15 (3d ed. 2004).

[48] See *Kuwitzky v. O'Grady, supra* note 4.

direct appeal. The State waited until Meyer had fully served his burglary sentence to raise for the first time the lack of enhancement in the burglary sentence. The appellants attempt to use the habeas statute—a tool for granting relief to those who are unlawfully detained—as a means of forcing resentencing of a fully served and facially valid sentence in order to obtain a greater period of incarceration against the habeas petitioner. We find no support for such procedure.

It is conceded by the appellants that if the sentence for being a habitual criminal in case No. CR11-29 is void and its challenges to the burglary sentence have no merit, then Meyer became eligible for parole on August 19, 2013, and reached his discharge date on August 19, 2015. Because the State cannot attack the legality of the burglary sentence in the hope that Meyer will be resentenced to a longer term, Meyer has proved that he is a person imprisoned without legal authority. We conclude that Meyer, having served the sentences lawfully imposed and which cannot now be collaterally attacked, is being unlawfully imprisoned upon a void sentence and is entitled to be released and discharged forthwith.

## CONCLUSION

The granting of the writ of habeas corpus by the district court is hereby affirmed.

AFFIRMED.

CONNOLLY, J., not participating.