Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/02/2025 09:11 AM CDT

Trever Ballheim, appellant, v. Shaun Settles, warden,
Tecumseh State Correctional Institution, and Rob
Jeffreys, director, Nebraska Department
of Correctional Services, appellees.

___ N.W.3d ___

Filed May 2, 2025.    No. S-24-673.

1. **Habeas Corpus: Appeal and Error.** Whether the allegations in an application for a writ of habeas corpus are sufficient to warrant discharge is a matter of law that an appellate court reviews de novo.

2. **Habeas Corpus: Collateral Attack.** An action for habeas corpus is a collateral attack on a judgment of conviction.

3. **Habeas Corpus: Prisoners.** In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

4. **Judgments: Collateral Attack.** A judgment that is not void, even if erroneous, cannot be collaterally attacked.

5. **Habeas Corpus: Courts.** Once an application for writ of habeas corpus is filed, the next procedural step requires the court to determine, sua sponte and based on the allegations of the application, if the writ should issue.

6. **____: ____.** If the application or petition for writ of habeas corpus sets forth facts which, if true, would entitle the petitioner to discharge, then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented, after which the court may either recommit, bail, or discharge the petitioner.

7. **Habeas Corpus: Courts: Proof.** If the application or petition for writ of habeas corpus alleges mere conclusions of law, or if the facts alleged in the application or petition do not show the petitioner is entitled to the relief of habeas corpus, then the writ will be denied, for it would be useless to go through the procedure of granting the writ and having the party brought before the court merely to be remanded back to the custody out of which he or she seeks to be discharged.

8. **Judgments.** It is the general rule that a judgment is no longer open to amendment, revision, modification, or correction after the term at which it was rendered; however, that rule does not apply where the purpose is to correct or amend clerical or formal errors so as to make the record entry speak the truth and show the judgment which was actually rendered by the court.

9. ____. A nunc pro tunc order operates to correct a clerical error or a scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended.

10. ____. A nunc pro tunc order reflects now what was actually done before, but was not accurately recorded.

11. ____. An order nunc pro tunc differs from an order substantively amending or vacating a court's prior order.

12. ____. An order nunc pro tunc cannot be used to enlarge the judgment as originally rendered or to change the rights fixed by it.

13. ____. An order nunc pro tunc cannot be employed where the fault in the original judgment is that it is wrong as a matter of law, and it cannot be employed to allow the court to review and reverse its action with respect to what it formerly did or refused to do.

14. **Criminal Law: Habitual Criminals.** The habitual criminal statute is not a criminal offense, but, rather, provides an enhancement of the penalty for each count committed by one found to be a habitual criminal.

15. **Habitual Criminals: Jurisdiction.** There is no jurisdiction over the offense of being a habitual criminal, because no such offense exists.

16. **Habitual Criminals: Sentences.** A separate sentence for the nonexistent crime of being a habitual criminal is void.

17. ____: ____. A sentence for the underlying crime that was not enhanced upon a finding of being a habitual criminal is merely erroneous.

18. **Habeas Corpus: Sentences: Appeal and Error.** Habeas is not a sword against the petitioner imprisoned on a void sentence to gain resentencing and correct an error on a fully served sentence that the petitioner is not challenging and that the State failed to challenge in a direct appeal as excessively lenient.

19. **Habeas Corpus: Sentences.** Permitting a greater punishment to follow from a writ of habeas corpus when the petitioner has already fully served an erroneously unenhanced sentence for the underlying crime would result in multiple punishments for the same offense.

20. **Double Jeopardy: Sentences.** Where a defendant has a legitimate expectation of finality, then an increase in his or her sentence in a second proceeding violates the prohibition of the Double Jeopardy Clause against multiple punishments for the same offense.

Appeal from the District Court for Johnson County: Ricky A. Schreiner, Judge. Reversed and remanded with directions.

Gerald L. Soucie for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellees.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Freudenberg, J.

## INTRODUCTION

An inmate appeals from a district court's denial, without a hearing, of his petition for a writ of habeas corpus. The attachments to the petition showed the original sentencing order had imposed two different sentences on two different charges—count 1, possession of a controlled substance (2 to 2 years' imprisonment), and count 5, "[h]abitual criminal" (10 to 11 years' imprisonment). The convictions and sentences were not appealed. After the end of the court's term and more than 6 months after the judgment, the district court entered an order nunc pro tunc changing the judgment to impose one sentence of 10 to 11 years' imprisonment on a singular conviction of possession of a controlled substance. The inmate alleges he has served his sentence of 2 to 2 year's imprisonment originally imposed on the possession conviction. We agree with the inmate that the district court's order nunc pro tunc changing the minimum sentence for the possession conviction to 10 to 11 years' imprisonment is a nullity and that the judgment sentencing him to the nonexistent crime of being a habitual criminal is void. Therefore, the inmate alleged sufficient facts to warrant issuance of a writ and a hearing on his petition. We reverse the order of the district court and remand the cause with directions.

## BACKGROUND

According to the allegations of and attachments to his petition for a writ of habeas corpus, Trever Ballheim was convicted in the Scotts Bluff County District Court, pursuant to a plea agreement, of possession of a controlled substance, a Class IV felony, and of being a habitual criminal. He was sentenced on December 6, 2019.

### Original Written Sentencing Order

A written order attached to the petition for a writ of habeas corpus states that Ballheim was originally sentenced on December 6, 2019, with two different sentences on two different convictions—possession of a controlled substance and "[h]abitual criminal." Under a section of the order titled "Enhancement," the court stated: "Count [5] is found to have [two] valid and useable prior convictions and [Ballheim] will be sentenced as a habitual criminal." The order then described the sentence as follows:

> **SENTENCE**: IT IS THE JUDGMENT AND SENTENCE OF THE COURT that [Ballheim] is sentenced:
>
> On Count No.: 1
>
> . . . to imprisonment and committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services for a period of not less than 2 years, nor more than 2 years, with 120 days credit for time served before sentencing[.]
>
> On Count No.: 5
>
> . . . to imprisonment and committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services for a period of not less than MANDATORY MINIMUM 10 years, nor more than 11 years, with 120 days credit for time served before sentencing,
>
> . . . to pay court costs of $137.00 to the clerk of this court,
>
> . . . sentence is concurrent to Count 1.

## Oral Pronouncement

The court's oral pronouncement, as reflected in the judge's notes attached to the petition, was similar:

> [Ballheim] is sentenced on Count 1 to imprisonment and committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services for a period of not less than 2 years, nor more than 2 years, with 120 days credit for time served before sentencing; on Count 5 sentenced to imprisonment and committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services for a period of not less than 10 years, nor more than 11 years, with 120 days credit for time served before sentencing. Count 5 has a mandatory minimum of 10 years. Costs taxed to [Ballheim].

## Nunc Pro Tunc

No direct appeal was filed. According to the petition for a writ of habeas corpus, the district court granted the State's motion for nunc pro tunc, which was filed on August 3, 2020, almost 8 months after the district court's judgment was entered on December 6, 2019, and after the end of the term.[1]

The State asserted in the motion for nunc pro tunc that the sentence of 2 to 2 years' imprisonment for possession of a controlled substance was void because, once found to be a habitual criminal, Ballheim was sentenced to a mandatory minimum sentence of 10 years' imprisonment.

The signed journal entry on sentencing nunc pro tunc was attached to the petition for a writ of habeas corpus. It is dated August 4, 2020, and set forth, as in the original order, that the "charge[s] sentenced on" were count 1, possession of a controlled substance, and count 5, "[h]abitual criminal." It also set forth, similarly to the original order, that "Count 5 is found to have [two] valid and useable prior convictions

---

[1]  See Rules of Dist. Ct. of 12th Jud. Dist. 12-0 (rev. 2010).

and [Ballheim] will be sentenced as a habitual criminal on Count 1." The order then stated the sentence, describing only count 1:

> **SENTENCE**: IT IS THE JUDGMENT AND SEN-TENCE OF THE COURT that [Ballheim] is sentenced:
>
> On Count No.: 1
>
> To imprisonment and committed to an institution under the jurisdiction of the Nebraska Department of Correctional Services for a period of not less than MANDATORY MINIMUM ten years, nor more than 11 years, with 120 days credit for time served before sentencing,
>
> To pay court costs of $137.00 to the clerk of this court.

Under a section of the order titled "Other," the court stated: "Count 1 includes a mandatory minimum of 10 years."

Ballheim alleged in his petition he was not present at the hearing on the State's motion for nunc pro tunc, but he was represented by counsel. Ballheim alleged he was not aware of the hearing until September 3, 2020. He did not appeal.

Ballheim alleged in his petition that, with good time credit, he completed his originally imposed sentence on the possession charge in September 2020. Without good time credit, he alleged he completed that sentence in September 2021.

## Petition for Writ of Habeas Corpus

Ballheim asserted in his petition for a writ of habeas corpus that the second sentence, pursuant to the motion for nunc pro tunc, was a nullity because Ballheim was not present at the motion hearing and that the court did more than simply correct a clerical error.

Ballheim conceded an appellate court would have likely recognized the first sentence was plain error and remanded the cause for resentencing, if the sentence had been directly appealed. But the sentence had not been appealed and, therefore, was not subject to revision. Ballheim asserted the sentence of 2 to 2 years' imprisonment for the possession conviction was the only valid sentence imposed, and it had been served.

The district court, sua sponte and without a hearing, dismissed the petition for a writ of habeas corpus. In so doing, it cited to *Childs v. Frakes*[2] for the proposition that a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.

## ASSIGNMENTS OF ERROR

On appeal from the court's dismissal, Ballheim assigns that the district court erred as a matter of law in dismissing the petition on the grounds that he had not shown habeas corpus relief was appropriate, citing solely to *Childs*, and in failing to issue the writ so the State could then show cause why he should not be released, in violation of Neb. Rev. Stat. § 29-2801 et seq. (Reissue 2016 & Cum. Supp. 2024), *Meyer v. Frakes*,[3] *Kuwitzky v. O'Grady*,[4] *Gamron v. Jones*,[5] *In re Jones*,[6] and their progeny.

## STANDARD OF REVIEW

[1] Whether the allegations in an application for a writ of habeas corpus are sufficient to warrant discharge is a matter of law that an appellate court reviews de novo.[7]

## ANALYSIS

[2-4] Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction.[8] A collateral attack on a judgment is where the judgment is attacked in a

---

[2]  *Childs v. Frakes*, 312 Neb. 925, 981 N.W.2d 598 (2022).

[3]  *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016).

[4]  *Kuwitzky v. O'Grady*, 135 Neb. 466, 282 N.W. 396 (1938).

[5]  *Gamron v. Jones*, 148 Neb. 645, 28 N.W.2d 403 (1947).

[6]  *In re Jones*, 35 Neb. 499, 53 N.W. 468 (1892).

[7]  *Maria T. v. Jeremy S.*, 300 Neb. 563, 915 N.W.2d 441 (2018).

[8]  *Tyrrell v. Frakes*, 309 Neb. 85, 958 N.W.2d 673 (2021).

way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement.[9] In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.[10] The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.[11] Stated differently, a judgment that is not void, even if erroneous, cannot be collaterally attacked.[12]

[5,6] The procedure for habeas corpus is set forth in §§ 29-2801 to 29-2824. Once an application for writ of habeas corpus is filed, the next procedural step requires the court to determine, sua sponte and based on the allegations of the application, if the writ should issue.[13] If the application or petition for writ of habeas corpus sets forth facts which, if true, would entitle the petitioner to discharge, then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented,[14] after which the court may either recommit, bail, or discharge the petitioner.[15]

[7] If, on the other hand, the application or petition for writ of habeas corpus alleges mere conclusions of law, or if the facts alleged in the application or petition do not show the petitioner is entitled to the relief of habeas corpus, then the writ will be denied, for it would be useless to go through the procedure of granting the writ and having the party brought

---

[9] *Id.*

[10] *Id.*

[11] *Childs v. Frakes, supra* note 2.

[12] *Id.*

[13] *Id.* See, also, § 29-2801.

[14] *Childs v. Frakes, supra* note 2. See, also, §§ 29-2802 to 29-2806.

[15] See § 29-2805.

before the court merely to be remanded back to the custody out of which he or she seeks to be discharged.[16]

The district court relied on *Childs v. Frakes*[17] in support of its decision to deny the writ without a hearing and dismiss Ballheim's petition. In *Childs*, we held that the district court did not err in dismissing the petition for writ of habeas corpus without a hearing because none of the allegations would render the judgment, sentence, and commitment void. The allegations in *Childs* were that the inmate was denied counsel of his choice, his plea was not intelligently entered because he received ineffective assistance of counsel, the prosecutor recited the factual basis of the plea without personal knowledge thereof, and the inmate was compelled to participate in a presentence investigation without a knowing and intelligent waiver of his right to remain silent. We said that a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.[18]

The allegations in *Childs* are vastly different from those presented in Ballheim's petition. By setting forth that he is being held under a sentence imposed for a nonexistent crime of being a habitual criminal, Ballheim's petition for writ of habeas corpus sets forth facts which, if true, render the judgment, sentence, and commitment void. A trial court lacks jurisdiction over a nonexistent offense, and it is not within the power of a court to impose a sentence for a nonexistent crime.[19]

[8] First, as the State appears to concede, the order nunc pro tunc that was entered more than 6 months after the original sentencing order and changed the sentence on Ballheim's

---

[16] *Childs v. Frakes, supra* note 2. See, also, § 29-2801.

[17] See *Childs v. Frakes, supra* note 2.

[18] *Id.*

[19] See *Meyer v. Frakes, supra* note 3.

conviction of possession of a controlled substance is void. It is
the general rule that a judgment is no longer open to amend-
ment, revision, modification, or correction after the term at
which it was rendered; however, that rule does not apply where
the purpose is to correct or amend clerical or formal errors so
as to make the record entry speak the truth and show the judg-
ment which was actually rendered by the court.[20]

Neb. Rev. Stat. § 25-2001 (Reissue 2016) gives the district
courts power to vacate or modify their judgments or orders
as follows:

(1) The inherent power of a district court to vacate
or modify its judgments or orders during term may also
be exercised after the end of the term, upon the same
grounds, upon a motion filed within six months after the
entry of the judgment or order.

(2) The power of a district court under its equity juris-
diction to set aside a judgment or an order as an equitable
remedy is not limited by this section.

(3) Clerical mistakes in judgments, orders, or other
parts of the record and errors therein arising from over-
sight or omission may be corrected by the court by an
order nunc pro tunc at any time on the court's initiative or
on the motion of any party and after such notice, if any, as
the court orders. During the pendency of an appeal, such
mistakes may be so corrected before the case is submitted
for decision in the appellate court, and thereafter while
the appeal is pending may be so corrected with leave of
the appellate court.

(4) A district court may vacate or modify its own judg-
ments or orders after the term at which such judgments
or orders were made (a) for mistake, neglect, or omission
of the clerk, or irregularity in obtaining a judgment or
order; (b) for fraud practiced by the successful party in
obtaining the judgment or order; (c) for newly discovered

---

[20] See *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009).

material evidence which could neither have been discovered with reasonable diligence before trial nor have been discovered with reasonable diligence in time to move for a new trial; (d) for erroneous proceedings against an infant or person of unsound mind if the condition of such defendant does not appear in the record of the proceedings; (e) for the death of one of the parties before the judgment in the action; (f) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; and (g) for taking judgments upon warrants of attorney for more than was due to the plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

[9,10] A nunc pro tunc order operates to correct a clerical error or a scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended.[21] The term "nunc pro tunc" is a Latin phrase that means "now for then."[22] A nunc pro tunc order reflects now what was actually done before, but was not accurately recorded.[23]

[11-13] An order nunc pro tunc differs from an order substantively amending or vacating a court's prior order.[24] An order nunc pro tunc cannot be used to enlarge the judgment as originally rendered or to change the rights fixed by it.[25] An order nunc pro tunc cannot be employed where the fault in the original judgment is that it is wrong as a matter of law, and it cannot be employed to allow the court to review and reverse

---

[21] *Bevard v. Kelly*, 15 Neb. App. 960, 739 N.W.2d 243 (2007). See *State v. Sims, supra* note 20.

[22] *In re Interest of Luz P. et al.*, 295 Neb. 814, 825, 891 N.W.2d 651, 660 (2017) (internal quotation marks omitted).

[23] *Id.*

[24] *Id.*

[25] *In re Interest of Luz P. et al., supra* note 22.

its action with respect to what it formerly did or refused to do.[26]

By changing the minimum sentence imposed for the crime, the district court enlarged the judgment that was originally rendered. It did not correct or amend clerical or formal errors to make the record entry show the judgment that was actually rendered. Also concerning is Ballheim's allegation that he was not given notice of the hearing. Regardless, because the order nunc pro tunc was not authorized by the court's inherent authority or § 25-2001, it is void.[27]

This leaves the judgment of December 6, 2019, which sentenced Ballheim concurrently to 2 to 2 years' imprisonment for possession of a controlled substance (already served) and 10 to 11 years' imprisonment for being a habitual criminal. In several cases, including *Meyer v. Frakes*,[28] we have held that a trial court's concurrent sentence of 10 years for a separate count of being a habitual criminal was void; accordingly, where the inmate had fully served the unenhanced sentence imposed separately for the underlying crime, the inmate was being unlawfully held on a void sentence for being a habitual criminal and was entitled to habeas relief.

[14-16] As we have explained, the habitual criminal statute is not a criminal offense, but, rather, provides an enhancement of the penalty for each count committed by one found to be a habitual criminal.[29] We said in *Meyer*, "Habitual criminality is a state, not a crime. There is no such offense as being a habitual criminal."[30] Thus, there is "no jurisdiction over the

---

[26] See *id.*

[27] See, *Eicher v. Mid America Fin. Invest. Corp.*, 275 Neb. 462, 748 N.W.2d 1 (2008); *Hargleroad Bulk Carriers, Inc. v. Ruan Transp. Corp.*, 173 Neb. 151, 112 N.W.2d 743 (1962); *O'Grady v. Volcheck*, 148 Neb. 431, 27 N.W.2d 689 (1947).

[28] *Meyer v. Frakes, supra* note 3. See, also, *Kuwitzky v. O'Grady, supra* note 4.

[29] See, *Meyer v. Frakes, supra* note 3; *Kuwitzky v. O'Grady, supra* note 4.

[30] *Meyer v. Frakes, supra* note 3, 294 Neb. at 674, 884 N.W.2d at 136-37.

offense of being a habitual criminal, because no such offense exists."[31] A separate sentence for the nonexistent crime of being a habitual criminal is void.[32]

We have thereby rejected any theory that the petitioner could continue to be lawfully detained by virtue of the fact that there was a finding that the petitioner was a habitual criminal and the underlying sentence failed to impose the mandatory minimum required by the habitual criminal statute.[33] We have also repeatedly rejected the theory that a habitual criminal sentence and an unenhanced sentence for the underlying crime should be construed as but one sentence.[34]

[17] Finally, we have rejected the contention that the petitioner was not being unlawfully detained because the sentence for the underlying crime should have been as a habitual criminal enhancement.[35] This is because a sentence for the underlying crime that was not enhanced upon a finding of being a habitual criminal is merely erroneous. Such a sentence is facially lawful and not void, so long as the sentence for the underlying crime complies with the statutory sentencing range for that underlying crime without a habitual criminal enhancement. For instance, in *Meyer*, the unenhanced sentence of 2 to 4 years' imprisonment for burglary was a facially lawful sentence because it complied with the statutory confines for a conviction of burglary, and the sentencing court had jurisdiction over the petitioner and over the crime of burglary.

[18] Further, as we explained in *Meyer*, failing to grant habeas relief for an inmate who has served the unenhanced sentence for the underlying crime but not the sentence to the separate, nonexistent crime of being a habitual criminal "would run afoul of principles of double jeopardy and the

---

[31] *Id.* at 682, 884 N.W.2d at 142.

[32] *Meyer v. Frakes, supra* note 3.

[33] See *id.*

[34] See *id.*

[35] See *id.*

fundamental scope of Nebraska's habeas relief as a means of redress for the unlawfully detained."[36] Habeas relief is a special civil proceeding that provides a summary remedy to persons illegally detained; it does not contemplate a counterclaim by the State to obtain greater punishment. Habeas is not "a sword against the petitioner imprisoned on a void sentence to gain resentencing and correct an error on a fully served sentence that the petitioner is not challenging and that the State failed to challenge in a direct appeal as excessively lenient."[37]

[19,20] Permitting a greater punishment to follow from a writ of habeas corpus when the petitioner has already fully served an erroneously unenhanced sentence for the underlying crime would result in multiple punishments for the same offense.[38] Where a defendant has a legitimate expectation of finality, then an increase in his or her sentence in a second proceeding violates the prohibition of the Double Jeopardy Clause against multiple punishments for the same offense.[39] A defendant may acquire a legitimate expectation of finality in an erroneous sentence if the sentence has been substantially or fully served, unless the defendant was on notice that the sentence might be modified.[40] The expectation of finality for purposes of the Double Jeopardy Clause includes knowledge of the State's ability to file a direct appeal and, thus, does not prevent a remand for resentencing in a direct appeal challenging the void sentence for one's being a habitual criminal.[41] But a defendant who has substantially or fully served a sentence that was not erroneously enhanced under the habitual criminal statute, see Neb. Rev. Stat. § 29-2221 (Cum. Supp.

---

[36] *Id.* at 680, 884 N.W.2d at 140.

[37] *Id.* at 680, 884 N.W.2d at 140-41.

[38] See *Meyer v. Frakes, supra* note 3.

[39] *Id*.

[40] *Id*.

[41] See *id.*

2024), and has long since been final, acquires a legitimate expectation of finality therein.[42]

Under Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2018), the maximum sentence for a Class IV felony is 2 years' imprisonment and 12 months' post-release supervision, or a $10,000 fine, or both. There is no minimum sentence. Ballheim's sentence of 2 to 2 years' imprisonment for possession of a controlled substance complied with the statutory sentencing range for that crime. Ballheim alleges that he has fully served this sentence. Under the principles discussed above, the conviction and sentence for the nonexistent crime of being a habitual criminal is void and Ballheim had a legitimate expectation of the finality of his sentence of 2 to 2 years' imprisonment for possession of a controlled substance.

Relying on *State v. Davis*,[43] however, the State suggests Ballheim's minimum sentence for possession of a controlled substance automatically defaulted to the mandatory minimum applicable under § 29-2221, if enhanced under the habitual criminal statute. Thus, the State argues that, albeit for different reasons than those expressed by the district court, its decision to deny the writ of habeas corpus was correct. The State does not address double jeopardy.

We find that the State's argument relying on *Davis* lacks merit. In *Davis*, we vacated the district court's resentencing order following remand under an order in a postconviction action that vacated the defendant's sentence of 20 to 20 years' imprisonment for first degree arson. The postconviction court had vacated the sentence on the grounds that the minimum term was not less than the maximum term, as required by Neb. Rev. Stat. § 29-2204(1)(a) (Cum. Supp. 2024). Section 29-2204(1)(a) and (b), as amended by 2015 Neb. Laws, L.B. 605, § 60, provides:

---

[42] See *id.*

[43] *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024).

(1) Except when a term of life imprisonment is required by law, in imposing a sentence upon an offender for any class of felony other than a Class III, IIIA, or IV felony, the court shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law. The maximum term shall not be greater than the maximum limit provided by law, and:

(a) The minimum term fixed by the court shall be any term of years less than the maximum term imposed by the court; or

(b) The minimum term shall be the minimum limit provided by law.

We held that the sentence of 20 to 20 years' imprisonment was not void. Therefore, it could not be collaterally attacked through the motion for postconviction relief, and the district court lacked the power to resentence the defendant. We explained that since § 29-2204(1)(b) dictates that "[t]he minimum term shall be the minimum limit provided by law," and, under § 28-105(1), the minimum sentence for a Class II felony is 1 year's imprisonment, the minimum sentence for the defendant's arson conviction was 1 year. Because the initial sentence was not void, the trial court could not modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.[44] Furthermore, matters relating to sentences imposed within statutory limits are not a basis for postconviction relief.[45]

We then applied to the merely erroneous sentence for arson the law governing a sentencing court's silence as to the minimum term of incarceration, which holds that if a minimum term is not set forth, an indeterminate sentence will be imposed by operation of law. We expanded the application of this case law to instances when a sentencing court imposes an indeterminate sentence with a minimum term that is the same

---

[44] See *id.*

[45] *Id.*

as the maximum term and is thus contrary to § 29-2204(1)(a). We said that in both the situation where the minimum term has not been set forth and where the minimum fails to comply with § 29-2204(1)(a), the minimum sentence should default to the minimum provided by law, by operation of law.[46]

As explained in our recent opinion in *State v. Jones*,[47] in *Davis*, we "carve[d] out an answer to fit"[48] "a sentencing challenge in a peculiar procedural posture."[49] "Our holding was intended to be limited to the unique circumstances of *Davis*."[50] We expressly limited our holding in *Davis* to "what should be a rare confluence of events," namely (1) the pronouncement and written confirmation of an invalid minimum term under § 29-2204(1) is not raised to the sentencing court or to an appellate court, or otherwise addressed before the sentence becomes final; (2) a postconviction court erroneously finds the sentence to be void; (3) no appeal is taken from that erroneous finding; and (4) the postconviction court then purports to impose a new sentence.[51] The facts here presented are not like the "rare confluence of events" in *Davis*.

Ballheim's petition for writ of habeas corpus sets forth facts that, if true, would entitle him to discharge. The district court erred by failing to issue the writ for habeas corpus and conduct a hearing to determine if Ballheim should be discharged from custody.

We reverse the order and remand the cause with directions for the court forthwith to issue the writ and hold a hearing as described by § 29-2805. As set forth in § 29-2806, if the court, upon a hearing, is "satisfied that the person is

---

[46] See *id.*

[47] *State v. Jones, ante* p. 840, ___ N.W.3d ___ (2025).

[48] *Id.* at 850, ___ N.W.3d at ___.

[49] *Id.* at 849, ___ N.W.3d at ___.

[50] *Id*. at 850, ___ N.W.3d at ___.

[51] *Id*.

unlawfully imprisoned or detained, he shall forthwith discharge such prisoner from confinement."

## CONCLUSION

For the foregoing reasons, we reverse the district court's denial of the writ of habeas corpus and its dismissal of Ballheim's petition. We remand the cause with directions to issue the writ and proceed as mandated by §§ 29-2801 to 29-2824.

REVERSED AND REMANDED WITH DIRECTIONS.