IN RE LEWIS VOGLAND, SALEM T. CLARK, AND CHARLES H. JACKSON.

FILED APRIL 10, 1896.    No. 8309.

Criminal Law: INFORMATIONS FILED IN VACATION: HABEAS CORPUS. Under the provisions of chapter 108 of the Laws of Nebraska passed in 1885, the requirement that "all informations shall be filed during term, in the court having jurisdiction of the offense specified therein," is mandatory, and an information, upon which the accused is to be tried for felony, is void if filed in vacation.

ORIGINAL application for writ of *habeas corpus*. *Petitioners discharged.*

*J. H. Broady,* for petitioners.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

RYAN, C.

An application was made to this court in this case for a writ of *habeas corpus* by Lewis Vogland, Salem T. Clark, and Charles H. Jackson, who alleged that they were unlawfully detained by George W. Leidigh, the warden of the penitentiary of this state. To the writ which thereupon issued the warden answered justifying his detention of the petitioners, under a warrant for their commitment by virtue of certain proceedings fully described in the exhibit attached to the petition of the applicants. To these averments of the answer there was filed a demurrer by which is raised the sufficiency of the facts in said answer pleaded to justify the imprisonment of the petitioners in the state penitentiary.

It would probably tend to obscure the facts if an attempt was made to describe by copying or even epitomizing the pleadings, and we shall therefore state these facts as clearly and concisely as possible in the form of a narrative. On the 18th day of July, 1895, an information was filed with the county judge of Keya Paha county whereby the petitioners for *habeas corpus* were charged with stealing cattle in said Keya Paha county on June 26, 1895. There was a plea of guilty to this charge on the same day the information was filed, and thereupon the county judge committed the persons accused to the county jail to await a hearing at the next succeeding term of the district court of Keya Paha county, to be held at the county court room in Springview, Nebraska. On the 20th day of July, 1895, the aforesaid Lewis Vogland, Salem T. Clark, and Charles H. Jackson, together with the county attorney of Keya Paha county, appeared at chambers in Bassett, in Rock county, Nebraska, before Honorable M. P. Kinkaid, district judge of the fifteenth judicial district of Nebraska, in which district are included the counties of Keya Paha and Rock, and requested that their plea of larceny in stealing cattle in Keya Paha county, June 26, 1895, might be received.

When the request was made the county attorney of Keya Paha county exhibited to Judge Kinkaid an information, which had been filed in the district court of Keya Paha county, July 18, 1895, by which the said Vogland, Clark, and Jackson were charged with larceny of cattle committed June 26, 1895, in said Keya Paha county. This, by direction of Judge Kinkaid, the said county attorney read to the parties therein accused, and thereto the defendants pleaded guilty and were sentenced to be imprisoned at hard labor in the state penitentiary,—Vogland for the term of five years, and Clark and Jackson, each, for the term of six years. Warden Leidigh received the parties sentenced as above, and their application for a writ of *habeas corpus* calls in question the sufficiency of the above proceedings to justify their detention in the penitentiary.

In argument several questions were discussed which we shall not attempt to consider, for there is one which in our view is decisive of this case. In 1885 there was passed and approved an act entitled "An act to provide for prosecuting offenses on information and to dispense with the calling of grand juries except by order of the district judges." (Session Laws, 1885, p. 397, ch. 108.) By section 2 of this act it is required that "All informations shall be filed during term in the court having jurisdiction of the offense specified therein," etc. It is conceded in this case that the district court of Keya Paha county was not in session when the information was filed, upon which Judge Kinkaid acted, two days afterward, in Rock county. This information was therefore void, and upon it no plea could be received or acted upon. The requirement of filing in term is mandatory, and a filing in vacation cannot be substituted. The prayer of the petitioners must therefore be granted and the applicants for a writ of *habeas corpus* are accordingly ordered discharged from custody.

PETITIONERS DISCHARGED.