Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/23/2016 09:09 AM CST

Ricky J. Sanders, appellant, v. Scott R. Frakes,
director, Nebraska Department of Correctional
Services, et al., appellees.

___ N.W.2d ___

Filed December 23, 2016.    No. S-15-898.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus peti-
   tion, an appellate court reviews the trial court's factual findings for clear
   error and its conclusions of law de novo.
2. **Constitutional Law: Habeas Corpus.** The Nebraska Constitution pro-
   vides for the remedy of habeas corpus, while the procedure for the writ
   is governed by statute.
3. **Habeas Corpus.** Habeas corpus is a special civil proceeding providing
   a summary remedy to persons illegally detained.
4. ____. A writ of habeas corpus challenges and tests the legality of a per-
   son's detention, imprisonment, or custodial deprivation of liberty.
5. ____. Eligibility for a writ of habeas corpus is governed by the criteria
   set forth in Neb. Rev. Stat. § 29-2801 (Reissue 2016).
6. **Criminal Law: Habeas Corpus.** Neb. Rev. Stat. § 29-2801 (Reissue
   2016) explicitly excludes from the scope of habeas corpus persons con-
   victed of some crime or offense for which they stand committed.
7. **Habeas Corpus.** In Nebraska, habeas corpus is quite limited in com-
   parison to the scope of the writ in federal courts.
8. **Habeas Corpus: Judgments: Collateral Attack.** Under Nebraska
   law, an action for habeas corpus is a collateral attack on a judgment
   of conviction.
9. **Judgments: Collateral Attack.** A collateral attack on a judgment is
   where the judgment is attacked in a way other than a proceeding in the
   original action to have it vacated, reversed, or modified, or a proceeding
   in equity to prevent its enforcement.
10. ____: ____. Absent statutory authority to the contrary, only a void judg-
    ment may be collaterally attacked.

11. \_\_\_\_ : \_\_\_\_. A judgment that is not void, even if erroneous, cannot be collaterally attacked.

12. **Habeas Corpus: Prisoners.** In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.

13. **Habeas Corpus: Judgments: Sentences.** The writ of habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.

14. **Judgments: Jurisdiction: Collateral Attack.** Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack.

15. **Habeas Corpus: Jurisdiction: Sentences.** A writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.

16. **Habeas Corpus: Appeal and Error.** A writ of habeas corpus may not be used as a substitute for an appeal.

17. **Habeas Corpus: Sentences.** The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.

18. **Judgments: Jurisdiction.** A judgment is void when the court rendering it lacks subject matter or personal jurisdiction.

19. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

20. **Habeas Corpus: Convictions.** Unless the conviction is void, those who stand committed pursuant to a final conviction are excluded from the scope of the relief afforded by the writ of habeas corpus in Nebraska.

21. **Constitutional Law: Judgments: Final Orders: Collateral Attack.** A final judgment pursuant to an unconstitutional statute is voidable, not void, and thus may not be collaterally attacked.

22. **Habeas Corpus: Sentences.** To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void.

23. **Constitutional Law: Habeas Corpus.** Habeas corpus is not a proper remedy to challenge a petitioner's detention pursuant to a final conviction and sentence on the basis that the statute underlying the conviction is unconstitutional.

24. ____: ____. A final conviction and sentence entered upon an alleged facially unconstitutional statute is not absolutely void, but is voidable only, and may not be attacked in a habeas corpus proceeding.

Appeal from the District Court for Lancaster County: STEPHANIE F. STACY, Judge. Affirmed.

Gerald L. Soucie for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellees.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, KELCH, and FUNKE, JJ., and RIEDMANN and BISHOP, Judges.

WRIGHT, J.

## I. NATURE OF CASE

Ricky J. Sanders appeals from the dismissal of his petition for habeas corpus relief. The district court dismissed his petition, in which Sanders argued that Neb. Rev. Stat. § 28-1212.04 (Reissue 2016) was facially unconstitutional. The district court reasoned that a final conviction pursuant to an unconstitutional statute is voidable, not void, and thus under Nebraska law may not be challenged in a habeas action. We affirm the judgment of the district court.

## II. BACKGROUND

In 2011, Sanders was convicted of unlawful discharge of a firearm under § 28-1212.04 and use of a firearm to commit a felony under Neb. Rev. Stat. § 28-1205 (Reissue 2016). He was sentenced to 10 to 15 years' imprisonment on each conviction, to run consecutively. On his direct appeal, the only assignments of error were the insufficiency of the evidence and the excessiveness of the sentences. On July 9, 2012, in case No. A-12-050, the Nebraska Court of Appeals sustained the State's motion for summary affirmance.

In 2013, Sanders sought postconviction relief. Sanders claimed ineffective assistance of counsel for the first time on postconviction, because he had the same counsel at trial and on direct appeal. He claimed trial and appellate counsel failed to challenge the constitutionality of § 28-1212.04. He argued that the statute was unconstitutional special legislation under Neb. Const. art. III, § 18, and unconstitutional under the Equal Protection Clause. The district court dismissed his petition without an evidentiary hearing, which this court affirmed on appeal.[1] Without deciding the merits of the constitutional issue, we rejected Sanders' claim of ineffective assistance of counsel, stating that "counsel's failure to raise novel legal theories or arguments or to make novel constitutional challenges in order to bring a change in existing law does not constitute deficient performance."[2]

Sanders subsequently filed a habeas corpus petition in district court, making a facial challenge to the constitutionality of § 28-1212.04.

After reviewing the general principles of Nebraska habeas corpus law, the district court narrowed its focus: "The legal issue before this Court . . . is whether, under Nebraska law, habeas corpus is a proper vehicle by which to challenge the facial constitutionality of a statute underlying a criminal judgment and sentence, once the criminal judgment is final." The court distinguished the cases cited by Sanders in which habeas was used to challenge the constitutionality of a statute, explaining that none of those cases involved a final conviction. The court relied on *Mayfield v. Hartmann*[3] for the proposition that "'[a] statute is presumed to be constitutional and a judgment entered on an unconstitutional statute is not absolutely void but

---

[1] See *State v. Sanders*, 289 Neb. 335, 855 N.W.2d 350 (2014).

[2] *Id.* at 343, 855 N.W.2d at 357.

[3] *Mayfield v. Hartmann*, 221 Neb. 122, 125, 375 N.W.2d 146, 149 (1985).

is voidable only'" and thus not subject to collateral attack in a habeas proceeding. The court dismissed Sanders' petition for habeas corpus relief.

Sanders appealed. We granted Sanders' petition to bypass the Court of Appeals.

## III. ASSIGNMENTS OF ERROR

Sanders claims the district court erred in (1) holding that habeas corpus was not the "'proper vehicle'" by which he could seek release from confinement by bringing a facial challenge to the constitutionality of the statute under which he was convicted and (2) failing to grant habeas corpus relief and order Sanders released from confinement because his convictions were void. Sanders argues that § 28-1212.04 is facially unconstitutional under Neb. Const. art. I, § 3 (due process clause); Neb. Const. art. III, § 18 (prohibition on special legislation); and the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

## IV. STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.[4]

## V. ANALYSIS

### 1. WRIT OF HABEAS CORPUS

The writ of habeas corpus, known as the great writ,[5] is regarded as a "fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action."[6] Habeas corpus is a Latin term that, translated literally, means

---

[4] *Johnson v. Gage*, 290 Neb. 136, 858 N.W.2d 837 (2015).

[5] E.g., *State v. King*, 180 Neb. 631, 144 N.W.2d 438 (1966). See, also, 39 Am. Jur. 2d *Habeas Corpus* § 2 (2008).

[6] 39 Am. Jur. 2d, *supra* note 5, § 1 at 206.

"'that you have the body'"[7]; it is an appropriate remedy where a person is unlawfully restrained of his or her liberty.[8]

[2-6] The Nebraska Constitution provides for the remedy of habeas corpus,[9] while the procedure for the writ is governed by statute.[10] It is a special civil proceeding providing a summary remedy to persons illegally detained.[11] A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty.[12] Eligibility for the writ is governed by the criteria set forth in § 29-2801.[13] Section 29-2801 explicitly excludes from its scope "persons convicted of some crime or offense for which they stand committed."

[7-9] In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts.[14] Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction.[15] A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated,

---

[7] Black's Law Dictionary 825 (10th ed. 2014).

[8] See *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016).

[9] See, Neb. Const. art. I, § 8; Neb. Const. art. V, § 2; *Jesse B. v. Tylee H.*, 293 Neb. 973, 883 N.W.2d 1 (2016). See, also, *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995); *Uhing v. Uhing*, 241 Neb. 368, 488 N.W.2d 366 (1992). But see, *Johnson v. Gage, supra* note 4; *Leach v. Dahm*, 277 Neb. 452, 763 N.W.2d 83 (2009); *Glantz v. Hopkins*, 261 Neb. 495, 624 N.W.2d 9 (2001), *disapproved on other grounds, State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009). See, generally, *Williams v. Olson*, 143 Neb. 115, 8 N.W.2d 830 (1943).

[10] See Neb. Rev. Stat. §§ 29-2801 to 29-2824 (Reissue 2016).

[11] *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

[12] *Id.*

[13] *Johnson v. Gage, supra* note 4.

[14] See *Peterson v. Houston, supra* note 11.

[15] *Id.*

reversed, or modified, or a proceeding in equity to prevent its enforcement.[16]

[10-13] Absent statutory authority to the contrary, only a void judgment may be collaterally attacked.[17] Thus, a judgment that is not void, even if erroneous, cannot be collaterally attacked.[18] Accordingly, we have held that habeas corpus will not lie on the ground that the sentence is merely erroneous.[19] This court has numerous times held that in the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void.[20] The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable.[21]

[14,15] Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack.[22] Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose.[23]

[16,17] A writ of habeas corpus may not be used as a substitute for an appeal.[24] The regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired

---

[16] *Mayfield v. Hartmann, supra* note 3.

[17] See, *Peterson v. Houston, supra* note 11; *Mayfield v. Hartmann, supra* note 3.

[18] See *Meyer v. Frakes, supra* note 8.

[19] *Id.*

[20] *Rust v. Gunter*, 228 Neb. 141, 421 N.W.2d 458 (1988).

[21] *Meyer v. Frakes, supra* note 8.

[22] *Peterson v. Houston, supra* note 11.

[23] *Id.*

[24] See *Mayfield v. Hartmann, supra* note 3. See, also, *Meyer v. Frakes, supra* note 8; *Peterson v. Houston, supra* note 11.

into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding.[25]

2. Sanders' Argument: Final Judgment of Conviction
Under Facially Unconstitutional Statute Is Void
and May Be Collaterally Attacked
in Habeas Corpus Proceeding

In this case, Sanders argues that habeas corpus is an appropriate remedy because he is making a facial, rather than as-applied, challenge to the constitutionality of the statute under which he was convicted. He argues that a conviction under an unconstitutional statute is void, rather than voidable.

(a) Distinction Between Void and
Voidable Judgments

[18,19] A void judgment is "[o]f no legal effect,"[26] while a voidable judgment is "[v]alid until annulled."[27] A judgment is void when the court rendering it lacks subject matter or personal jurisdiction.[28] Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[29] Thus, a judgment is void if the court lacked a legal basis to impose it.[30]

From our very earliest habeas corpus cases to the present, we have recognized that a judgment is void when the court rendering it lacks jurisdiction or a legal basis for the judgment.[31]

---

[25] *Peterson v. Houston, supra* note 11.

[26] Black's Law Dictionary, *supra* note 7 at 1805.

[27] *Id.*

[28] See *Peterson v. Houston, supra* note 11.

[29] *Id.*

[30] See *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).

[31] E.g., *Gray v. Kenney*, 290 Neb. 888, 863 N.W.2d 127 (2015); *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999); *In re Carbino*, 117 Neb. 107, 219 N.W. 846 (1928); *Keller v. Davis*, 69 Neb. 494, 95 N.W. 1028 (1903); *In re Ream*, 54 Neb. 667, 75 N.W. 24 (1898).

In *In re Betts*,[32] we held that habeas corpus relief was not available to address the petitioner's claim that the grand jury by which he was indicted was not composed in accordance with statute. In that case, we explained:

> The supposed errors and defects relied upon are not jurisdictional, and hence are not available in a [habeas corpus] proceeding like this, for it is well established in this state that mere errors and irregularities in a judgment or proceedings of an inferior court in a criminal case, under and by virtue of which a person is imprisoned, or deprived of his liberty, but which are not of such a character as to render the proceedings absolutely void, cannot be reviewed on an application for a writ of *habeas corpus*. The writ cannot perform the office of a writ of error, but only reaches jurisdictional defects in the proceedings.[33]

Recently, in *Meyer v. Frakes*,[34] we granted habeas relief to a petitioner who was sentenced for the nonexistent crime of being a habitual criminal. We said that "the habitual criminal statute is not a separate offense, but, rather, provides an enhancement of the penalty . . . for each count committed by one found to be a habitual criminal."[35] A separate sentence for the nonexistent crime of being a habitual criminal is void.[36] Because the petitioner had already served his sentence on his other conviction, we granted habeas relief.[37]

What these cases illustrate is that a judgment is void, and not merely voidable, if the court rendering it lacked personal

---

[32] *In re Betts*, 36 Neb. 282, 54 N.W. 524 (1893).

[33] *Id*. at 284, 54 N.W. at 524.

[34] *Meyer v. Frakes, supra* note 8.

[35] *Id.* at 673, 884 N.W.2d at 136 (citing *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981)).

[36] *Meyer v. Frakes, supra* note 8 (citing *Kuwitzky v. O'Grady*, 135 Neb. 466, 282 N.W. 396 (1938)).

[37] See *Meyer v. Frakes, supra* note 8.

or subject matter jurisdiction or otherwise lacked a legal basis for the judgment. On the other hand, a judgment is merely voidable if there are only errors and irregularities that are not jurisdictional.[38]

### (b) Habeas Corpus as Means to Challenge Constitutionality of Statute Prior to Final Judgment

Sanders cites several cases in which habeas relief was granted before the judgment became final.[39] While these cases may be informative in other respects, they are not helpful in addressing the question of whether a facial challenge to the constitutionality of a statute underlying a judgment is permitted in a habeas corpus proceeding *after* the judgment becomes final.

[20] Cases involving habeas challenges prior to a final judgment are distinguishable because the habeas corpus statute specifically excludes from the writ "persons convicted of some crime or offense for which they stand committed."[40] Thus, unless the conviction is void, those who "stand committed" pursuant to a final conviction are excluded from the scope of the relief afforded by the writ of habeas corpus in Nebraska.[41] But this exclusion does not apply to a conviction and sentence that are not final. Prior to a final conviction and sentence, one may show that he or she is being "unlawfully deprived of his or her liberty."[42] Hence, cases involving challenges to the constitutionality of a statute under which a petitioner is charged or convicted (prior to the conviction and sentence becoming

---

[38] See *id.*

[39] See, *In re Resler*, 115 Neb. 335, 212 N.W. 765 (1927); *In re Application of McMonies*, 75 Neb. 702, 106 N.W. 456 (1906); *In re Havelik*, 45 Neb. 747, 64 N.W. 234 (1895).

[40] § 29-2801.

[41] See *id.*

[42] *Id.*

final) are inapposite to the determination whether a facial constitutional challenge may be raised *after* the conviction and sentence are final.

As early as 1877, this court recognized that the scope of habeas corpus was significantly limited when the petitioner was detained pursuant to a final conviction and sentence.[43] In *Ex parte Fisher*,[44] the petitioner brought a habeas petition to challenge his imprisonment for selling liquors without a license. He contended that the statute under which he was convicted was unconstitutional.[45] We refused to consider his constitutional challenge to the statute in the habeas proceeding, explaining:

> It is, however, contended that the license law is unconstitutional, and on this ground the prisoner should be discharged. But after judgment and commitment in a criminal action by an inferior court having jurisdiction of the offense charged, we think that *habeas corpus* is not the proper mode of procedure to bring the cause into this court for review upon alleged errors of law; for it seems to us, that when the validity of a statute is controverted, the controversy raises a legal question which, like all other legal questions raised on the trial of a cause in an inferior court, can be reviewed only by the mode prescribed by law.
>
> To entertain jurisdiction in such case upon a writ of *habeas corpus*, it would be necessary to look beyond the judgment and re-examine the charges upon which it was rendered, as well as to review the questions of law raised on the trial and decided by the inferior court. If such practice were to obtain, then indeed every conviction for a criminal offense might be brought here for review on a writ of *habeas corpus*.

---

[43] See *Ex parte Fisher*, 6 Neb. 309, 1877 WL 4279 (1877).

[44] *Id.*

[45] *Id.*

We think it is not within the province of this court to open the door to such a system of practice. And we are not prepared to say that, upon a writ of *habeas corpus*, we can look beyond the judgment and re-examine the charges on which it was rendered, or to pronounce the judgment an absolute nullity on the ground that the constitutionality of the statute relative to the license law is controverted. If the validity of a statute is brought in question in an inferior court on the trial of a cause, that question must finally be determined in the same mode as other legal questions arising on the trial of causes in such court—that is, by proceedings in error or appeal, as may be most appropriate and allowable by law.[46]

*DeBacker v. Brainard*,[47] cited by Sanders, is distinguishable. In *DeBacker*, a divided court[48] opined about the constitutionality of portions of the Juvenile Court Act, specifically, whether they violated a juvenile's constitutional right to trial by jury.[49] The habeas petition was brought after the petitioner was adjudicated as a delinquent and ordered to be committed to a boys' training school.[50] However, prior to the proceedings, the petitioner objected to the juvenile court's jurisdiction on the basis of his denial of a right to a jury trial.[51] Because the challenge involved a jurisdictional question, the order finding

---

[46] *Id.* at 310-11, 1877 WL at *1.

[47] *DeBacker v. Brainard*, 183 Neb. 461, 161 N.W.2d 508 (1968).

[48] *Id.* at 461, 161 N.W.2d at 509 (explaining that "[f]our judges are of the opinion that the [juvenile court] statute is unconstitutional as challenged. Three judges are of the opinion that it is constitutional. Article V, section 2, Constitution of Nebraska, provides in part: 'No legislative act shall be held unconstitutional except by the concurrence of five judges,'" and affirming district court's judgment).

[49] *DeBacker v. Brainard, supra* note 47.

[50] *Id.*

[51] *Id.* (four-justice opinion).

the petitioner to be a delinquent would be void if his arguments were accepted.[52]

Because the juvenile court's order adjudicating the petitioner as a delinquent and ordering him to the boys' training school was not a criminal conviction and sentence,[53] he did not fall within the statutory exception to habeas corpus relief, under § 29-2801, of "persons convicted of some crime or offense for which they stand committed."

(c) Availability of Habeas Corpus to Challenge
Constitutionality of Statute After
Final Conviction and Sentence

Sanders erroneously argues that even after a conviction and sentence become final, he can raise a facial challenge to the constitutionality of the statute underlying the conviction in a habeas proceeding. We disagree. He cites cases in which this court and other courts have concluded that an unconstitutional statute is void. None of the cases cited by Sanders involved a collateral attack on a final judgment.

[21] We have held that a final judgment pursuant to an unconstitutional statute is voidable, not void, and thus may not be collaterally attacked.[54] In the case *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*,[55] we said:

> Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. . . . *Not even a statute which is declared unconstitutional is void ab initio insofar as a previous judgment*

---

[52] *Id.*

[53] See *id.* (three-justice opinion).

[54] See, *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276*, 204 Neb. 316, 282 N.W.2d 576 (1979); *Norlanco, Inc. v. County of Madison*, 186 Neb. 100, 181 N.W.2d 119 (1970). See, also, *Iowa v. Herkleman*, 251 N.W.2d 214 (Iowa 1977) (citing *Norlanco, Inc.*).

[55] *Davis Management, Inc. v. Sanitary & Improvement Dist. No. 276, supra* note 54, 204 Neb. at 323-24, 282 N.W.2d at 580 (emphasis supplied).

*based upon the statute is concerned*. In Norlanco, Inc. v. County of Madison,[56] we said: "'The general rule is said to be that a statute declared unconstitutional is void ab initio. However, this is subject to the exception that the finality of a judgment cannot be affected thereby.'"

This rule prohibiting collateral attacks on final judgments based upon an unconstitutional statute also applies when the judgment attacked is a criminal conviction and sentence. We applied a variation of this rule in the criminal context in *State v. Keen*.[57] The defendant in *Keen* was charged with driving under the influence (DUI).[58] Pursuant to a plea agreement, he pled guilty. After a hearing, the court found that this was his second DUI and gave him an enhanced sentence.[59]

On appeal, the defendant argued that his prior DUI was invalid and unenforceable, because the Omaha ordinance under which he was convicted did not conform to the state statute as required by law and thus was invalid. We recognized that his argument was a collateral attack on his prior DUI conviction.[60] While his collateral attack was based on the alleged invalidity and unenforceability of a municipal ordinance underlying his conviction rather than the constitutionality of a statute, we said:

> The principles and reasoning which support [the] holdings [in *Norlanco, Inc.* and *Davis Management, Inc.*] that parties are generally not permitted to collaterally attack prior judgments, even when the prior judgment is based upon an unconstitutional statute, also support a holding that a defendant cannot collaterally attack a conviction

---

[56] *Norlanco, Inc. v. County of Madison, supra* note 54.

[57] *State v. Keen*, 272 Neb. 123, 718 N.W.2d 494 (2006), *reaffirmed, State v. Head*, 276 Neb. 354, 754 N.W.2d 612 (2008).

[58] *Id.*

[59] *Id.*

[60] See *id.*

by alleging that it is invalid because it was obtained pursuant to an ordinance which was later declared to be unenforceable as inconsistent with a statute.[61]

[22] In *Mayfield*, we refused to allow a habeas corpus challenge to the constitutionality of the confinement of the petitioner to a treatment facility pursuant to a final order by a board of mental health.[62] This court noted that habeas cannot be used as a substitute for a direct appeal.[63] We said that "even if it can be argued that the statute does violate some constitutional principle, it is still not subject to collateral attack. We have repeatedly held that to release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void."[64]

In *In re Resler*,[65] we used language that may have implied that the unconstitutionality of a statute renders a final conviction pursuant to that statute void and subject to collateral attack by habeas corpus. In *In re Resler*, we said:

> [I]f a court or a judge thereof which renders a judgment, or who enters an order, has not jurisdiction to perform the act done, either because the proceeding *or the law under which it is taken is unconstitutional*, or for any other reason the judgment is void, it may be questioned collaterally, and a defendant who is imprisoned under and by virtue of it may be discharged.[66]

But in *In re Resler*, the petitioner was only detained and charged with a crime; there was no final conviction and sentence. And none of the cases we are aware of that cite the above-quoted language in *In re Resler* involved a habeas

---

[61] *Id.* at 129, 718 N.W.2d at 499.

[62] *Mayfield v. Hartmann, supra* note 3.

[63] *Id.*

[64] *Id.* at 125, 375 N.W.2d at 149.

[65] *In re Resler, supra* note 39.

[66] *Id.* at 338, 212 N.W. at 766 (emphasis supplied).

challenge to a final conviction based on the unconstitutionality of the statute underlying the judgment.[67] Neither do the cases cited by *In re Resler* for the above proposition involve such a challenge to a final conviction.[68] To the extent that the above-quoted language in *In re Resler* and its progeny[69] is inconsistent with our holding in this case, we disapprove of it.

[23,24] What these cases show is that when used to challenge a final conviction and sentence, habeas corpus is a collateral attack. Therefore, habeas corpus is not a proper remedy to challenge a petitioner's detention pursuant to a final conviction and sentence on the basis that the statute underlying the conviction is unconstitutional. Therefore, we conclude that a final conviction and sentence entered upon an alleged facially unconstitutional statute is not absolutely void, but is voidable only, and may not be attacked in a habeas corpus proceeding.

## VI. CONCLUSION

For the reasons set forth above, we affirm the district court's dismissal of Sanders' petition.

AFFIRMED.

CASSEL and STACY, JJ., not participating.

---

[67] See, *Lingo v. Hann*, 161 Neb. 67, 71 N.W.2d 716 (1955); *In re Application of Maher, North v. Dorrance*, 144 Neb. 484, 13 N.W.2d 653 (1944).

[68] See, *In re Application of McMonies, supra* note 39; *In re Vogland*, 48 Neb. 37, 66 N.W. 1028 (1896); *In re Havelik, supra* note 39.

[69] See cases cited *supra* note 67.