IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MUMIN V. FRAKES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

DUKHAN MUMIN, APPELLANT,

V.

SCOTT FRAKES, DIRECTOR, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, AND
BRIAN GAGE, WARDEN, TECUMSEH STATE CORRECTIONAL INSTITUTION, APPELLEES.

Filed February 21, 2017.    No. A-16-327.

Appeal from the District Court for Johnson County: DANIEL E. BRYAN, JR., Judge. The first appeal (filed March 28, 2016) is held under submission. The order entered April 5, 2016, denying in forma pauperis status on appeal (second appeal) is affirmed.

Dukhan Mumin, pro se.

Douglas J. Peterson, Attorney General, and James D. Smith for appellees.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

INTRODUCTION

Dukhan Mumin filed two appeals. Mumin first appealed from the order of the district court for Johnson County denying his application to proceed in forma pauperis (IFP) on his petition for writ of habeas corpus; his second appeal was from the district court's order denying IFP on appeal. We affirm the order in the second appeal denying Mumin leave to proceed IFP on appeal, but because Mumin can proceed with the first appeal upon payment of the statutory docket fee within 30 days of the date of release of this opinion, we hold his first appeal under submission for that purpose.

## BACKGROUND

On August 19, 2013, Mumin was sentenced to 10 to 20 years' imprisonment for possession of cocaine with an enhancement for habitual criminal status. He filed a direct appeal to this court and we affirmed his conviction and sentence.

On March 14, 2016, Mumin filed a "Verified Petition for Writ of Habeas Corpus" and an affidavit and application to proceed IFP. On that same day, the district court denied Mumin's application for IFP status, concluding that his habeas petition was frivolous because it was a collateral attack on a judgment of a valid conviction. On March 28, Mumin filed his first notice of appeal from the denial of IFP on his habeas petition ("first appeal"), and also filed an affidavit and application to proceed IFP on appeal. On April 5, the district court denied the application to proceed IFP on appeal for the same reason it denied IFP status on Mumin's habeas petition. On April 18, Mumin filed his second notice of appeal, specifically appealing the April 5 order denying IFP status on appeal ("second appeal"). The second appeal was filed in our court under the same case number as the first appeal.

## ASSIGNMENT OF ERROR

Mumin assigns that the district court erred in denying his application to proceed IFP on the basis that his petition for writ of habeas corpus was frivolous. (We consider the briefs filed by Mumin and the State to apply to both appeals since both appeals were filed under the same case number.)

## STANDARD OF REVIEW

A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

## ANALYSIS

Since two appeals have been filed in this case, we want to be clear which appeal is being decided in this opinion. At this time, this court only has jurisdiction over the second appeal regarding the denial of Mumin's application to proceed IFP on appeal. We have not yet acquired jurisdiction of the first appeal because Mumin's ability to proceed with that appeal, without paying the statutory docket fee, depends on the success of his second appeal addressing whether or not he can proceed IFP on appeal. Since we conclude the district court correctly denied Mumin IFP status on appeal, Mumin will have 30 days to pay the statutory docket fee to preserve his first appeal, and only then will this court acquire jurisdiction over the first appeal. The Nebraska Supreme Court addressed similar circumstances when dealing with two IFP appeals in *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015), although in that case, the first and second appeals were separately docketed under different case numbers. That distinction, however, does not affect the application of its analysis here.

In the case before us, the district court denied Mumin's request to proceed IFP on his habeas petition because the court concluded it was a collateral attack on a judgment of a valid

conviction and was therefore frivolous. The court also denied Mumin's request to proceed IFP on appeal for the same reason. As noted, Mumin appealed from both orders denying IFP status.

There is a statutory right of interlocutory appellate review of a decision denying IFP eligibility. *State v. Carter, supra.* And although a docket fee is usually required when filing an appeal, a poverty affidavit serves as a substitute for the docket fee otherwise required on appeal. This court obtains jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper IFP application and affidavit. See *id*. Mumin filed a timely notice of appeal from the order denying leave to appeal IFP, accompanied by a proper application to proceed IFP and poverty affidavit; we therefore have jurisdiction over his second appeal. However, to determine whether the district court properly denied Mumin's request to proceed IFP on appeal, we must consider Mumin's underlying petition for writ of habeas corpus to determine whether the district court correctly concluded it was frivolous.

Applications to proceed IFP are governed by Neb. Rev. Stat. § 25-2301.02 (Reissue 2016). Except in those cases where the denial of IFP status would deny a defendant his or her constitutional right to appeal in a felony case, § 25-2301.02(1) allows the court on its own motion to deny IFP status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issue a written statement of its reasons, findings, and conclusions for denial. *Peterson v. Houston, supra*. A frivolous legal position pursuant to § 25-2301.02 is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Peterson v. Houston, supra.* We now explain why we agree with the district court that the legal position asserted in Mumin's habeas petition was frivolous, or wholly without merit.

The writ of habeas corpus, known as the great writ, is regarded as a fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). The Nebraska Constitution provides for the remedy of habeas corpus, while the procedure for the writ is governed by statutes. *Id*. It is a special civil proceeding providing a summary remedy to persons illegally detained. *Id.* A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Id*.

When used to challenge a final conviction and sentence, habeas corpus is a collateral attack. *Sanders v. Frakes, supra*. Absent statutory authority to the contrary, only a void judgment may be collaterally attacked. *Id.* Thus, a judgment that is not void, even if erroneous, cannot be collaterally attacked. *Id*. In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. *Id*. The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable. *Id*.

Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Sanders v. Frakes, supra*. Thus, a writ of habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Id*. A writ of habeas corpus may not be used as a substitute for an appeal. *Id*. The regularity of the proceedings leading up to the sentence in a criminal case cannot be

inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding. *Id.*

A void judgment is of no legal effect, while a voidable judgment is valid until annulled. *Sanders v. Frakes, supra*. A judgment is void when the court rendering it lacks subject matter or personal jurisdiction. *Id.* Subject matter jurisdiction is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *Id.* Thus, a judgment is void if the court lacked a legal basis to impose it. *Id.* Whereas, a judgment is merely voidable if there are only errors and irregularities that are not jurisdictional. *Id.*

Mumin's challenge is to the enhancement portion of his sentence as a result of his habitual offender status. He argues that there was not enough evidence to find and sentence him as a habitual criminal because the State failed to prove that he had or waived counsel in his previous convictions. The State correctly points out that Mumin's habeas petition attempts to collaterally challenge his habitual criminal sentence enhancement on grounds that he could have raised on direct appeal; that being, the sufficiency of the evidence presented at sentencing to prove Mumin's habitual criminal status. However, as previously stated, the regularity of the proceedings leading up to the sentence in a criminal case cannot be inquired into on an application for writ of habeas corpus, for that matter is available only in a direct proceeding. *Sanders v. Frakes, supra*. For Mumin, who is in custody pursuant to a judgment of conviction, habeas corpus is only available as a remedy upon a showing that his judgment, sentence, and commitment are void. A judgment is void when the court rendering it lacks subject matter or personal jurisdiction or lacks a legal basis to impose the judgment. See *id.* Mumin did not allege or show that the district court lacked jurisdiction over the offense, personal jurisdiction over him, or lacked lawful authority to sentence him as a habitual criminal. Mumin argues only the insufficiency of the evidence related to the habitual criminal enhancement. Mumin is unable to show that the judgment is void, and since only void judgments are subject to collateral attack, see *Sanders v. Frakes, supra*, Mumin's petition for writ of habeas corpus is wholly without merit.

CONCLUSION

Because we conclude Mumin asserted a frivolous legal position in his petition for writ of habeas corpus, we affirm the district court's April 5, 2016, order denying Mumin's request to proceed IFP on appeal. Thus, pursuant to § 25-2301.02(1), we will not have jurisdiction of the first appeal unless Mumin pays the statutory docket fee within 30 days of the date of release of this opinion. We therefore hold the first appeal under submission for payment of the statutory docket fee. If Mumin fails to timely pay the statutory docket fee, his first appeal will be dismissed for lack of jurisdiction. We direct that upon payment of the fee or upon expiration of the 30-day period without payment, whichever occurs first, the clerk of the district court for Johnson County shall file a supplemental certificate in this case accordingly. See *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

FIRST APPEAL (FILED MARCH 28, 2016) HELD UNDER SUBMISSION.
ORDER ENTERED APRIL 5, 2016, DENYING IFP ON APPEAL
(SECOND APPEAL) AFFIRMED.

- 4 -