IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MARTINEZ V. DAWSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ADRIAN MARTINEZ, APPELLANT,

V.

SHERI DAWSON AND MARK LABOUCHARDIERE, APPELLEES.

Filed March 24, 2020.    No. A-19-696.

Appeal from the District Court for Madison County: MARK A. JOHNSON, Judge. Affirmed.

Adrian Martinez, pro se.

Douglas J. Peterson, Attorney General, and Scott R. Straus for appellees.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Adrian Martinez is an individual committed to the Norfolk Regional Center in Norfolk, Nebraska, for treatment following a determination by the Mental Health Board of the Fourth Judicial District (the mental health board) that he is a dangerous sex offender under the Sex Offender Commitment Act (SOCA), Neb. Rev. Stat. § 71-1201 et seq. (Reissue 2018). Following his commitment by the mental health board, Martinez filed a petition for writ of habeas corpus in the district court for Madison County. Martinez appeals from the court's order denying his writ of habeas corpus. Finding no error, we affirm.

## BACKGROUND

In 1988, Martinez was charged in Texas with one count of burglary of habitation and one count of sexual assault. The first count charged Martinez with "intentionally and knowingly enter[ing] a habitation, without the effective consent of [the owner], with intent to commit the

offense of sexual assault." In September 1990, Martinez pled guilty to the charge of "burglary of habitation" and the sexual assault charge was dropped. Martinez' conviction required him to register with the Texas Sex Offender Registry.

Subsequently, Martinez was convicted in Nebraska for violating the Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 et seq. (Reissue 2016), in particular Neb. Rev. Stat. § 29-4003(1)(a)(iv) (Supp. 2019), which requires registration in Nebraska by "any person who on or after January 1, 1997 . . . [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." Martinez appealed from his conviction, and this court affirmed. See *State v. Martinez*, 22 Neb. App. xvi (No. A-13-915, May 23, 2014). A review of this court's unpublished memorandum opinion indicates that Martinez was convicted of violating § 29-4003(1)(a)(iv) in both 2010 and 2013. Documentation attached to Martinez' habeas petition indicates that he was charged with another violation of § 29-4003(1)(a)(iv) in 2016, and according to the allegations in his habeas petition, he was convicted of that violation in 2017.

In April 2018, the mental health board found that Martinez was a dangerous sex offender under SOCA and found that inpatient treatment was the least restrictive treatment alternative.

On January 31, 2019, after a previous petition for writ of habeas corpus had been dismissed, Martinez filed a pleading entitled "Successive Petition of Writ of Habeas Corpus" in the district court, challenging his commitment. Martinez alleged that he is not subject to civil commitment under SOCA because his criminal conviction for failure to register under SORA does not qualify as a "sex offense" for purposes of SOCA. The defendants identified in Martinez' pleading were Sheri Dawson, "Director for the Nebraska Department of Health and Human Services, Division of Behavior Services," and Mark LaBouchardiere, "Facility Administrator for the Regional Center Systems," and we have referred to them as "the Appellees" in this opinion.

On April 16, 2019, the Appellees filed a motion to quash Martinez' successive petition for writ of habeas corpus, alleging that his petition failed to state a claim upon which relief could be granted. The district court heard arguments by the parties with respect to the Appellees' motion in June. The record on appeal does not include a bill of exceptions from this hearing.

On June 20, 2019, the district court entered an order sustaining the Appellees' motion to quash and dismissing Martinez's petition. The court also denied Martinez' application for court-appointed counsel.

## ASSIGNMENTS OF ERROR

Martinez assigns multiple errors but has not specifically argued all of his assigned errors. Accordingly, we have only addressed those errors that Martinez both specifically assigned and specifically argued. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Adair Holdings v. Johnson*, 304 Neb. 720, 936 N.W.2d 517 (2020). Likewise, we have not considered errors assigned for the first time in Martinez' reply brief. Errors not assigned in an appellant's initial brief are waived and may not be asserted for the first time in a reply brief. *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460 (2019).

Restated, Martinez asserts that the district court erred in (1) granting the motion to quash because the mental health board did not have jurisdiction and lacked a legal basis to commit Martinez and (2) failing to declare the board's sentence of commitment void due to its failure to identify the sexual offense of which Martinez was convicted that justified his commitment.

## STANDARD OF REVIEW

On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo. *Buggs v. Frakes*, 298 Neb. 432, 904 N.W.2d 664 (2017). Whether the allegations in an application for a writ of habeas corpus are sufficient to warrant discharge is a matter of law that an appellate court reviews de novo. *Maria T. v. Jeremy S.*, 300 Neb. 563, 915 N.W.2d 441 (2018).

## ANALYSIS

*General Propositions Regarding Habeas Corpus.*

We first set out certain general propositions regarding the remedy of habeas corpus to guide our discussion of Martinez' assignments of error. The Nebraska Constitution provides for the remedy of habeas corpus, while the procedure for the writ is governed by statute. *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). Habeas corpus is a special civil proceeding providing a summary remedy to persons illegally detained. *Id.* A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Id.* Eligibility for a writ of habeas corpus is governed by the criteria set forth in Neb. Rev. Stat. § 29-2801 (Cum. Supp. 2018). *Sanders v. Frakes, supra*. A writ of habeas corpus is available when an individual is "unlawfully deprived of his or her liberty" or "detained without any legal authority." § 29-2801.

In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts. *Sanders v. Frakes, supra*. Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id.* A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement. *Id.*

Absent statutory authority to the contrary, only a void judgment may be collaterally attacked. *Id.* A judgment that is not void, even if erroneous, cannot be collaterally attacked. *Id.* A judgment is void when the court rendering it lacks subject matter or personal jurisdiction. *Id.* Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id.* Habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. See *id.* The writ of habeas corpus will not lie upon the ground of mere errors and irregularities in the judgment, nor may it be used as a substitute for an appeal. *Id.*

*Sex Offender Commitment.*

Before turning to Martinez' assignments of error, we also set forth several provisions of the SOCA relevant to our discussion. The mental health board committed Martinez to the regional center pursuant to Neb. Rev. Stat. § 71-1209(1) (Reissue 2018), which provides:

The state has the burden to prove by clear and convincing evidence that (a) the subject is a dangerous sex offender and (b) neither voluntary hospitalization nor other treatment alternatives less restrictive of the subject's liberty than inpatient or outpatient treatment ordered by the mental health board are available or would suffice to prevent the harm described in subdivision (1) of section 83-174.01.

"Dangerous sex offender" is defined in Neb. Rev. Stat. § 83-174.01(1) (Reissue 2014) to mean:

(a) a person who suffers from a mental illness which makes the person likely to engage in repeat acts of sexual violence, who has been convicted of one or more sex offenses, and who is substantially unable to control his or her criminal behavior or (b) a person with a personality disorder which makes the person likely to engage in repeat acts of sexual violence, who has been convicted of two or more sex offenses, and who is substantially unable to control his or her criminal behavior.

And, pursuant to § 93-174.01(5), "Sex offense means any of the offenses listed in section 29-4003 for which registration as a sex offender is required." See § 29-4003(1)(a)(iv) (requiring SORA registration by individuals who enter Nebraska and are required to register as sex offender under laws of another state).

With these statutory provisions and case law principles in mind, we turn to Martinez' assignments of error.

*Mental Health Board Had Jurisdiction.*

In support his first assignment of error, Martinez argues that the district court erred in granting the Appellees' motion to quash because "a factual issue existed that the Board of Mental Health did not possess the subject matter or personal jurisdiction of the offense of [Martinez] and lacked a legal basis to impose the sentence of commitment exacted." Brief for appellant at 16. Martinez argues further that "entering the State of Nebraska and failing to register as an alleged out of state sex offender is not a sexual offense per se" and that his conviction pursuant to § 29-4003(1)(a)(iv) "does not constitute a sexual offense as described" in § 83-174.01(5). Brief for appellant at 18. Accordingly, Martinez reasons that "this fact alone deprived the [board] of the jurisdiction of the offense." *Id.* In other words, Martinez argues that the mental health board did not have jurisdiction to commit him because its determination that he was a dangerous sex offender was in error.

Contrary to Martinez' assertions, the mental health board had subject matter jurisdiction over the petition seeking his commitment as a dangerous sex offender. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *In re Interest of Jeremy U. et al.*, 304 Neb. 734, 936 N.W.2d 733 (2020). The Nebraska Supreme Court has determined that by virtue of the Nebraska Mental Health Commitment Act the mental health board is empowered to hear, and has subject matter jurisdiction over, a mental health petition for commitment of a mentally ill dangerous person to an appropriate mental health facility. See *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988). In another mental health commitment

case, the Supreme Court explained that whether a mental health board has jurisdiction to hear a case, depends partly upon the allegations contained in the petition. See *In re Interest of Michael U.*, 273 Neb. 198, 728 N.W.2d 116 (2007). Because the petition in that case alleged that the individual was a mentally ill and dangerous person, the Court determined that the petition was within the board's jurisdiction.

In the present case, Martinez' commitment by the board was pursuant to SOCA, under which the board has the general authority to hear a petition for the commitment of a dangerous sex offender. Pursuant to Neb. Rev. Stat. § 71-1205 (Reissue 2018), if the county attorney believes that a person is a dangerous sex offender requiring inpatient or outpatient treatment ordered by a mental health board, the county attorney is to file a petition with the clerk of the district court in the judicial district where the subject is located, in which the alleged behavior of the subject occurred which constitutes the basis for the petition, or another judicial district upon good cause shown. Mental health board proceedings are deemed to have commenced upon the filing of a petition under § 71-1205. Neb. Rev. Stat. § 71-1206 (Reissue 2018). And, the mental health board then has the duty to hold a hearing "to determine whether there is clear and convincing evidence that the subject is a dangerous sex offender as alleged in the petition." Neb. Rev. Stat. § 71-1208 (Reissue 2018). The SOCA petition attached to Martinez' habeas petition shows that the county attorney alleged that Martinez was a dangerous sex offender. Accordingly, the board was authorized to hear the petition for his commitment. Because the board has the power to hear and determine cases of the general class to which that petition belongs and because that petition alleged that Martinez is a dangerous sex offender, the board had jurisdiction over that petition.

Martinez argues that the mental health board did not have jurisdiction to commit him because the crime for which he was convicted in Nebraska does not fit under the definition of "sex offense." In doing so, Martinez seeks to collaterally attack the merits of the mental health board's determination that he is a dangerous sex offender. Rather than being jurisdictional, Martinez' argument addresses one of the elements the State was required to prove to show he was a dangerous sex offender. See *In re Interest of K.W.*, 24 Neb. App. 619, 895 N.W.2d 721 (2017) (second element State was required to prove to show individual was dangerous sex offender under § 83-174.01(1) was that he had been convicted of at least one sex offense if he suffered from mental illness or at least two sex offenses if he suffered from personality disorder). Again, Martinez is asking this court to review the mental health board's determination that he was a dangerous sex offender on the merits, but, as noted above, a writ of habeas corpus may not be used as a substitute for an appeal. See *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). Because the board had jurisdiction to make that determination, its judgment was not void, and Martinez' request constitutes an impermissible collateral attack.

If Martinez believed his commitment as a dangerous sex offender was improper, he had other remedies available to him. Neb. Rev. Stat. § 71-1214 (Reissue 2018) provides that a subject committed under SOCA may appeal to the district court from a treatment order entered under § 71-1209. Martinez did not do so. Additionally, individuals committed pursuant to SOCA "may request and shall be entitled to a review hearing by the mental health board and to seek from the board an order of discharge from commitment or a change in treatment ordered by the board." Neb. Rev. Stat. § 71-1219 (Reissue 2018). See, also, *In re Interest of D.I.*, 281 Neb. 917, 799

N.W.2d 664 (2011) (denial of motion for reconsideration under § 71-1219(1) is final, appealable order). A writ of habeas corpus ordinarily will not be granted where another adequate remedy exists. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995).

Martinez' first assignment of error fails for the reasons set forth above.

*Mental Health Board Order Not Void.*

In support of his second assignment of error, Martinez argues that the district erred by failing to declare the mental health board's sentence of commitment "fatally void" due to its "failure to include, identify and inform of what sexual offense [Martinez] was convicted of within the 14 general class[es] or categor[ies] of the sexual offenses found in [§] 29-4003(1)(a)(i)(A) through (N)." Brief for appellant at 22. In other words, Martinez argues that his commitment is void because the board did not specifically state in the commitment what sex offense Martinez had previously been convicted of. This argument is a variation of his previous argument that his criminal conviction for failure to register under SORA does not qualify as a "sex offense" for purposes of SOCA.

As set forth above, the mental health board ordered Martinez' commitment to the regional center for inpatient treatment after finding clear and convincing evidence that Martinez was a dangerous sex offender and that treatment alternatives less restrictive than inpatient treatment would not be sufficient to prevent the harm described § 83-174.01(1). See § 79-1209(1). The board's determination that Martinez had been convicted of one or more of the sex offenses within the definition of "dangerous sex offender" set forth in § 83-174.01(1) was a statutory element to that determination. See *In re Interest of K.W., supra*. In the copy of the commitment order attached to Martinez' habeas petition, a handwritten notation following the printed statement that Martinez had been "convicted of one or more sex offenses," states:

> Subject was convicted of a sex offense in 1990. The evidence shows a long history of non-compliance with laws and other rules. He also has a long history of exhibitionism and lewd behavior. His symptoms of mental illness have been untreated for some time. Based on the evidence presented the continuation of symptoms and past behaviors does lead to a conclusion that the subject is likely to engage in repeat acts of sexual violence without treatment.

The board clearly made findings with respect to the elements of §§ 83-174.01(1) and 79-1209(1). Any errors in those findings should have been addressed through an appeal to the district court pursuant to § 71-1214. As stated above, the writ of habeas corpus may not be used as a substitute for an appeal, and the writ will not lie upon the ground of mere errors and irregularities in the judgment. See *Sanders v. Frakes, supra*.

Martinez' second assignment of error fails for the reasons discussed above.

## CONCLUSION

Having considered and rejected Martinez' assignments of error, the order of the district court is affirmed.

AFFIRMED.