IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

DITTRICH V. NEBRASKA DEPT. OF CORR. SERVS.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LADDIE DITTRICH, APPELLANT,

V.

NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES AND CRAIG GABLE, WARDEN,

TECUMSEH STATE CORRECTIONAL INSTITUTION, APPELLEES.

Filed March 12, 2024.    No. A-23-433.

Appeal from the District Court for Johnson County: RICKY A. SCHREINER, Judge. Affirmed.

Laddie Dittrich, pro se.

Michael T. Hilgers, Attorney General, and Scott R. Straus for appellees.

MOORE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

### INTRODUCTION

Laddie Dittrich is an inmate in the custody of the Nebraska Department of Correctional Services (DCS). He filed a petition for a writ of habeas corpus with the Johnson County District Court, asking the court to apply the "good time" law, Neb. Rev. Stat. § 83-1,107 (Cum. Supp. 2022), in effect at the time of his 1973 and 2015 convictions. The court determined that Dittrich's claims were without merit and dismissed the case. We affirm.

### BACKGROUND

Based upon Dittrich's habeas corpus petition and attachments, Dittrich was convicted in the Douglas County District Court of first degree murder and sentenced to life imprisonment on May 31, 1973. On April 9, 2013, the Nebraska Board of Pardons commuted his sentence to "a

term of 80 Years to Life." The Board specified that Dittrich's sentence would "continue to be served under the term of Good Time Law LB 364," and that he would be eligible for parole on May 30, 2013. Dittrich was subsequently released on parole. However, on July 9, 2015, Dittrich was found guilty by a jury in Otoe County, Nebraska, of third degree sexual assault of a child and was sentenced to 5 to 5 years' imprisonment to be served consecutive to his prior sentence of 80 years' to life imprisonment. According to a DCS "Inmate Sentence and Release Information" document dated January 18, 2023, Dittrich's minimum sentence is 85 years' imprisonment, and his maximum remains life imprisonment. That document further reflects Dittrich's parole eligibility date as February 12, 2015.

On April 12, 2023, Dittrich, pro se, filed a petition for a writ of habeas corpus claiming that DCS was not using the correct good time law to calculate his remaining sentence. He claimed that DCS' records "show two unjustified changes." "The record shows [his] sentence was changed from 80 years to life to 85 years to life without a valid order from the court and are to be served under L.B. 364." He further claimed that he should have received "a prorated term for the life [sentence] as stated in . . . L.B. 364, 83-1,107(2) [by] six months per year" served. And he claimed his 5-year sentence should have been reduced "by three days on the first day of each month" following the 12th month of his incarceration, pursuant to 2011 Neb. Laws, L.B. 191.

On May 23, 2023, the district court entered an order denying Dittrich's petition and dismissing the case. The court determined that Dittrich failed to state a claim upon which habeas relief could be granted. In reaching its conclusion, the district court noted habeas relief "is available to those persons falling within the criteria established by [Neb. Rev. Stat. § 29-2801 (Cum. Supp. 2022)], namely, those who are detained without having been convicted of a crime and committed for the same, those who are unlawfully deprived of their liberty, or those who are detained without any legal authority." The court determined that there was no dispute that Dittrich stood committed for first degree murder and third degree sexual assault of a child. Further, Dittrich did not allege that he was being unlawfully detained, nor did Dittrich allege that his convictions or sentences were void. The court stated that Dittrich is "essentially asking for a declaration about his sentencing calculation," and that such relief was "not within the scope of habeas relief." The court held that because "Dittrich [did] not contend that any aspect of his sentences or commutation were void, he fail[ed] to state a cognizable habeas claim" and his petition should be denied.

The district court went on to determine that "even if habeas were an appropriate vehicle to challenge which good time law applies to his sentence, Dittrich's claims are wholly without merit." It explained that it was proper to consolidate the 80-year sentence with the consecutive 5-year sentence to reach the 85 years to life sentence reflected in the DCS document. The court questioned why Dittrich was challenging which version of § 83-1,107, L.B. 364 or L.B. 191, should apply to his sentences since his parole eligibility date was February 12, 2015. Finally, the court noted that Dittrich appeared to be claiming that good time credit should be applied to his maximum sentence of life, which it explained, cannot be done. In sum, the court found Dittrich's arguments to be "wholly without merit" and dismissed the case.

Dittrich, pro se, appeals.

ASSIGNMENTS OF ERROR

Dittrich failed to assign any errors in his brief on appeal. Parties who wish to secure appellate review of their claims must abide by the rules of the Supreme Court. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). Any party who fails to properly identify and present its claim does so at its own peril. *Id*. When an appellant does not comply with the briefing rules, an appellate court may proceed as though the appellant failed to file a brief or, alternatively, may examine the proceedings for plain error. *Id*. The decision to proceed on plain error is at the discretion of the appellate court. *Id*.

We elect to review the record for plain error. Further, there is no bill of exceptions for this court to review. In the absence of a bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). Therefore, our review is limited to the relevant pleadings and judgment of the district court.

STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Steffy v. Steffy, supra*.

ANALYSIS

Having reviewed the relevant pleadings and the judgment of the district court, we find no plain error. The court correctly determined that Dittrich failed to assert a claim upon which habeas relief could be granted. The Nebraska Constitution provides for the remedy of habeas corpus, while the procedure for the writ is governed by statute. *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). It is a special civil proceeding providing a summary remedy to persons illegally detained. *Id.* A writ of habeas corpus challenges and tests the legality of a person's detention, imprisonment, or custodial deprivation of liberty. *Id.* Eligibility for the writ is governed by the criteria set forth in § 29-2801. *Sanders v. Frakes, supra.* Section 29-2801 explicitly excludes from its scope "persons convicted of some crime or offense for which they stand committed."

In Nebraska, habeas corpus is quite limited in comparison to the scope of the writ in federal courts. *Sanders v. Frakes, supra.* Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction. *Id.* A collateral attack on a judgment is where the judgment is attacked in a way other than a proceeding in the original action to have it vacated, reversed, or modified, or a proceeding in equity to prevent its enforcement. *Id.*

Absent statutory authority to the contrary, only a void judgment may be collaterally attacked. *Id.* Thus, a judgment that is not void, even if erroneous, cannot be collaterally attacked. *Id.* Accordingly, habeas corpus will not lie on the ground that the sentence is merely erroneous. See *id.* In the case of a prisoner held pursuant to a judgment of conviction, habeas corpus is available as a remedy only upon a showing that the judgment, sentence, and commitment are void. See *id.* The writ will not lie upon the ground of mere errors and irregularities in the judgment or sentence rendering it not void, but only voidable. *Id.*

Where the court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack. *Id.* Thus, a writ of habeas corpus will not lie to discharge a person from

a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense and the person of the defendant, and the sentence was within the power of the court to impose. *Id.*

Here, Dittrich does not challenge the legality of his current detention. Rather, he seeks a correction to what he perceives is an error in DCS' calculation of good time. Habeas corpus is only available as a remedy upon a showing that his judgment, sentence, and commitment are void. See *id.* However, Dittrich does not claim that his convictions or sentences are void. As the district court observed, Dittrich merely sought "a declaration about his sentencing calculation." Such relief is not available through habeas corpus. We therefore do not find plain error in the court's order dismissing Dittrich's petition.

CONCLUSION

For the reasons stated above, we affirm the district court's May 23, 2023, order dismissing Dittrich's petition seeking a writ of habeas corpus.

AFFIRMED.